Courtney Lowery (#036888)
Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
(501) 221-0088
courtney@sanfordlawfirm.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PRESCOTT DIVISION

| | |
|---|---|
| Tony Manzo, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Engrained Cabinetry and Countertops, LLC, and Thomas Corkery,<br><br>Defendants. | No. 3:22-cv-<br><br>**ORIGINAL COMPLAINT—COLLECTIVE ACTION** |

Plaintiff Tony Manzo ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorney Courtney Lowery of Sanford Law Firm, PLLC, for his Original Complaint—Collective Action ("Complaint") against Defendants Engrained Cabinetry and Countertops, LLC, and Thomas Corkery (collectively "Defendant" or "Defendants"), states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendants for violations of the minimum wage

and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the minimum wage provisions of the Arizona Revised Statutes, A.R.S. § 23-363.

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policies and practice of failing to pay proper minimum wage and overtime compensation under the FLSA and the Arizona minimum wage law.

## II.   JURISDICTION AND VENUE

3. The United States District Court for the District of Arizona has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges Arizona state law violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

5. Defendant is headquartered in and operates out of Prescott. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

6. Plaintiff is an individual and resident of Yavapai County.

7. Separate Defendant Engrained Cabinetry and Countertops, LLC ("ECC"), is a domestic limited liability company.

8. ECC's registered agent for service of process is T. Marie Corkery, at 821 Flaming Arrow, Prescott, Arizona 86301.

9. Separate Defendant Thomas Corkery ("Corkery") is an individual and resident of Arizona.

10. Defendants, in the course of their business, maintain a website at https://engrained.com/.

## IV. FACTUAL ALLEGATIONS

11. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

12. Defendant's primary business is selling and installing cabinets and countertops.

13. Corkery is a principal, director, officer, and/or owner of ECC.

14. Corkery took an active role in operating ECC and in the management thereof.

15. Corkery, in his role as an operating employer of ECC, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

16. Corkery, at relevant times, exercised supervisory authority over Plaintiff in relation to his work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

17. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as tools, materials, vehicles and fuel.

18. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

19. At all times material herein, Defendant was an "employer" of Plaintiff within the meaning of the FLSA.

20. Defendant employed Plaintiff as a Designer from approximately September of 2019 until November of 2021.

21. At all times material herein, Defendant classified Plaintiff as exempt from the overtime requirements of the FLSA.

22. Defendant paid Plaintiff solely on a commission basis.

23. Defendant also employed other commission-paid employees within the three years preceding the filing of this lawsuit (hereinafter, "Commission Employees").

24. At all relevant times herein, Defendant directly hired Commission Employees to work at its facilities, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

25. 29 C.F.R. § 779.412 states that employees who are paid on a commission basis must receive a constructive hourly rate of 1.5x the applicable minimum wage.

26. Plaintiff was paid a commission for each cabinet or countertop that he designed and/or sold.

27. Other Commission Employees were paid in a similar manner as Plaintiff.

28. Defendant regularly reduced or eliminated entirely Plaintiff's commission if Plaintiff made an error in designing a cabinet or countertop.

29. Upon information and belief, Defendant also regularly reduced or refused to pay the commissions earned by other Commission Employees.

30. When Plaintiff or other Commission Employees made an error in designing or manufacturing a project, Defendant would quantify the error and then take that amount out of all future commissions until the amount had been paid back. Due to this policy and practice, there were weeks or months in which Plaintiff and other Commission Employees were paid nothing at all.

31. In weeks in which Defendant reduced or failed to pay the commission of Plaintiff and other Commission Employees, the hourly rate of Plaintiff and other Commission Employees fell below 1.5x the applicable minimum wage.

32. In weeks in which their hourly rate was less than 1.5x the applicable minimum wage, Plaintiff and other Commission Employees were entitled to an overtime rate of 1.5x their regular rate of pay for all hours worked over 40.

33. At all relevant times herein, Defendant has deprived Plaintiff and other Commission Employees of proper overtime compensation for all of the hours worked over forty per week.

34. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

### V. REPRESENTATIVE ACTION ALLEGATIONS

35. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

36. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated, who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   A. Regular wages for all hours worked and overtime premiums for all hours worked over forty hours in any week;

   B. Liquidated damages; and

   C. Attorney's fees and costs.

37. Plaintiff proposes the following collective under the FLSA:

> **All commission-paid employees whose pay was reduced during any week within the past 3 years.**

38. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

39. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

40. The members of the proposed FLSA collective are similarly situated in that they share these traits:

   A. They were paid on a commission basis; and

   B. Defendant reduced their commission to such a degree that their constructive hourly rate fell below 1.5x the applicable minimum wage.

41. Plaintiff is unable to state the exact number of the collective but believes that it exceeds 20 persons.

42. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

43. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

44. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

### VI.   FIRST CLAIM FOR RELIEF
**(Individual Claims for Violation of the FLSA)**

45. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

46. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

47. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

48. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

49. 29 U.S.C. § 207(i) requires employers to pay employees who earn compensation on a commission-only basis such that their regular hourly rate is more than 1.5x the applicable minimum wage rate.

50. Defendant classified Plaintiff as exempt from the requirements of the FLSA.

51. Defendant failed to pay Plaintiff sufficient compensation to meet the requirements of 29 U.S.C. § 207(i).

52. Defendant knew or should have known that its actions violated the FLSA.

53. Defendant's conduct and practices, as described above, were willful.

54. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least

three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

55. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

56. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII.  SECOND CLAIM FOR RELIEF
**(Collective Action Claim for Violation of the FLSA)**

57. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

58. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

59. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

60. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee

meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

61. 29 U.S.C. § 207(i) requires employers to pay employees who earn compensation on a commission-only basis such that their regular hourly rate is more than 1.5x the applicable minimum wage rate.

62. Defendant classified Plaintiff and other similarly situated employees as exempt from the overtime provisions of the FLSA.

63. Defendant failed to pay Plaintiff and other similarly situated employees sufficient compensation to meet the requirements of 29 U.S.C § 207(i).

64. Defendant knew or should have known that its actions violated the FLSA.

65. Defendant's conduct and practices, as described above, were willful.

66. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

67. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

68. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of A.R.S. § 23-363)

69. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

70. Plaintiff asserts this claim for damages and declaratory relief pursuant to A.R.S. § 23-363.

71. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of A.R.S. § 23-363.

72. A.R.S. § 23-363 requires employers to pay all employees a lawful minimum wage ($10.50/hr after January of 2018, $11/hr after January of 2019 and $12/hr after January of 2020).

73. During some weeks in which Defendant reduced or failed to pay Plaintiff's commission, Defendant failed to pay Plaintiff a sufficient minimum wage.

74. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

75. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary and liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred in the three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

## IX.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Tony Manzo, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.     A declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the Arizona Revised Statutes and their related regulations;

B.     Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.     Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid wages under the FLSA, the Arizona Revised Statutes and their related regulations;

D.     Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the Arizona Revised Statutes and their related regulations;

E.     An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.     Such other and further relief as this Court may deem just and proper.

DATED this 5th day of May, 2022.

Courtney Lowery
Ariz. Bar No. 036888
courtney@sanfordlawfirm.com