1
2
3
4
5
6

Courtney Lowery (#036888)
Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
(501) 221-0088
courtney@sanfordlawfirm.com
Attorney for ~~Plaintiff~~Plaintiffs

7
8
9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PRESCOTT DIVISION

10
11
12
13
14
15
16
17
18
19
20
21

Tony Manzo, Suzanne Adams, Brian Kimmerle, Judy Kinsinger, Matthew Lee, Seth Zimmerman, Nicole Cavasini-Pludowski and Nancy Thias, Individually and ~~on~~ On Behalf of All Others Similarly Situated~~,~~

~~Plaintiff~~Plaintiffs,

v.

Engrained Cabinetry and Countertops, LLC, Inspired Closets of Arizona, LLC, and Thomas Corkery,

Defendants.

No. 3:22-cv-8081-PCT-JJT

~~ORIGINAL~~FIRST AMENDED AND SUBSTITUTED COMPLAINT—COLLECTIVE ACTION

22
23
24
25
26

~~Plaintiff~~Plaintiffs Tony Manzo ~~("Plaintiff~~, Suzanne Adams, Brian Kimmerle, Judy Kinsinger, Matthew Lee, Seth Zimmerman, Nicole Cavasini-Pludowski and Nancy Thias ("Plaintiffs"), individually and on behalf of all others similarly situated, by and through ~~his~~their attorney Courtney Lowery of Sanford Law Firm, PLLC, for ~~his~~

Page 1 of 19
Tony Manzo, et al. v. Engrained Cabinetry and Countertops, LLC, et al.
U.S.D.C. (Dist. of Ariz.) 3:22-cv-8081-PCT-JJT
First Amended and Substituted Complaint—Collective Action

~~Original~~their First Amended and Substituted Complaint—Collective Action ("Amended

Complaint") against Defendants Engrained Cabinetry and Countertops, LLC, Inspired

Closets of Arizona, LLC, and Thomas Corkery (collectively "Defendant" or

"Defendants"), ~~states~~state and ~~alleges~~allege as follows:

## I.   PRELIMINARY STATEMENTS

1.   The purpose of this First Amended and substituted Complaint ("Amended

Complaint") is to add the opt-in plaintiffs Suzanne Adams, Brian Kimmerle, Judy

Kinsinger, Matthew Lee, Seth Zimmerman, Nicole Cavasini-Pludowski and Nancy

Thias as named Plaintiffs; to add employer Inspired Closets of Arizona, LLC, as a

Defendant; as well as clarify and refine Plaintiffs' original allegations against

Defendants and include details related to the allegations of Suzanne Adams, Brian

Kimmerle, Judy Kinsinger, Matthew Lee, Seth Zimmerman, Nicole Cavasini-Pludowski

and Nancy Thias.

~~1.~~2.   This is a collective action brought by ~~Plaintiff~~Plaintiffs, individually and

on behalf of all others similarly situated, against Defendants for violations of the

minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §

201, *et seq*. (the "FLSA"), and the minimum wage provisions of the Arizona Revised

Statutes, A.R.S. § 23-363.

~~2.~~3.   ~~Plaintiff seeks~~Plaintiffs seek a declaratory judgment, monetary damages,

liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a

Page 2 of 19
Tony Manzo, et al. v. Engrained Cabinetry and Countertops, LLC, et al.
U.S.D.C. (Dist. of Ariz.) 3:22-cv-8081-PCT-JJT
First Amended and Substituted Complaint—Collective Action

result of ~~Defendant's~~Defendants' policies and practice of failing to pay proper minimum wage and overtime compensation under the FLSA and the Arizona minimum wage law.

## II.   JURISDICTION AND VENUE

~~3.~~4.   The United States District Court for the District of Arizona has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

~~4.~~5.   This Amended Complaint also alleges Arizona state law violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over ~~Plaintiff's~~Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

~~5.~~6.   ~~Defendant is~~Defendants are headquartered in and ~~operates~~operate out of Prescott, Arizona. Therefore, the venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

7.   Plaintiff Manzo ("Manzo") is an individual and resident of Yavapai County.

8.   Plaintiff Adams ("Adams") is an individual and resident of Yavapai County.

9.   Plaintiff Kimmerle ("Kimmerle") is an individual and resident of Yavapai County.

Page 3 of 19
Tony Manzo, et al. v. Engrained Cabinetry and Countertops, LLC, et al.
U.S.D.C. (Dist. of Ariz.) 3:22-cv-8081-PCT-JJT
First Amended and Substituted Complaint—Collective Action

10.     Plaintiff Kinsinger ("Kinsinger") is an individual and resident of Yavapai County.

11.     Plaintiff Lee ("Lee") is an individual and resident of Yavapai County.

12.     Plaintiff Zimmerman ("Zimmerman") is an individual and resident of Yavapai County.

6.13.   Plaintiff Thias ("Thias") is an individual and resident of Maricopa County.

7.14.   Separate Defendant Engrained Cabinetry and Countertops, LLC ("ECC"), is a domestic limited liability company.

8.15.   ECC's registered agent for service of process is T. Marie Corkery, at 821 Flaming Arrow, Prescott, Arizona 86301.

16.     Separate Defendant Inspired Closets of Arizona, LLC ("ICA"), is a domestic limited liability company.

17.     ICA's registered agent for service of process is T. Marie Corkery, at 821 Flaming Arrow, Prescott, Arizona 86301.

9.18.   Separate Defendant Thomas Corkery ("Corkery") is an individual and resident of Arizona.

10.19.  DefendantsECC, in the course of their business, maintainmaintains a website at https://engrained.com/.

20.     ICA, in the course of their business, maintains a website at https://inspiredclosets.com/.

## IV.     FACTUAL ALLEGATIONS

**Page 4 of 19**
**Tony Manzo, et al. v. Engrained Cabinetry and Countertops, LLC, et al.**
**U.S.D.C. (Dist. of Ariz.) 3:22-cv-8081-PCT-JJT**
**First Amended and Substituted Complaint—Collective Action**

11.    Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

21.    Defendant's Defendants' primary business is selling and installing cabinets, countertops, and storage.

22.    ECC designs cabinets and countertops. for different areas of the home, including the kitchen and bathrooms.

12.23. ICA designs cabinets and storage for different areas of the home, including closets, the pantry, and the laundry room.

13.24. Corkery is a principal, director, officer, and/or owner of both ECC and ICA.

14.25. Corkery took an active role in operating both ECC and ICA and in the management thereof.

15.26. Corkery, in his role as an operating employer of both ECC and ICA, had the power to hire and fire Plaintiff Plaintiffs, often supervised Plaintiff's Plaintiffs' work and determined his their work schedule, and made decisions regarding Plaintiff's Plaintiffs' pay, or lack thereof.

16.    Corkery, at relevant times, exercised supervisory authority over Plaintiff in relation to his work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

27.    Corkery implemented the same or similar pay policies at ECC and ICA.

**Page 5 of 19**
**Tony Manzo, et al. v. Engrained Cabinetry and Countertops, LLC, et al.**
**U.S.D.C. (Dist. of Ariz.) 3:22-cv-8081-PCT-JJT**
**First Amended and Substituted Complaint—Collective Action**

28.    Employees of ECC and ICA performed similar work, were subject to the same or similar pay policies, and incurred damages stemming from the same or similar violations of the FLSA, as alleged below.

29.    Corkery and ECC had a duty to pay their employees as required by the FLSA.

30.    Corkery and ICA had a duty to pay their employees as required by the FLSA.

31.    Kimmerle and Adams were employed by both ECC and ICA within the three years preceding the filing of this lawsuit. At all times during their employment with either ECC or ICA, they were also employed by Corkery.

17.32. During each of the three years preceding the filing of this Amended Complaint, DefendantDefendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as tools, materials, vehicles and fuel.

18.33. Defendant'sDefendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaintAmended Complaint.

**Page 6 of 19**
**Tony Manzo, et al. v. Engrained Cabinetry and Countertops, LLC, et al.**
**U.S.D.C. (Dist. of Ariz.) 3:22-cv-8081-PCT-JJT**
**First Amended and Substituted Complaint—Collective Action**

19.34. At all times material herein, ~~Defendant was~~Defendants were an "employer" of ~~Plaintiff~~Plaintiffs within the meaning of the FLSA.

20.35. ~~Defendant~~ECC and Corkery employed ~~Plaintiff~~Manzo as a Designer from approximately September of 2019 until November of 2021.

36.   Defendants employed Adams as a Sales Representative and Designer from approximately August of 2019 until March of 2020.

37.   ECC and Corkery employed Kimmerle as a Sales Representative from approximately June of 2013 until December of 2020. ICA and Corkery employed Kimmerle as a Sales Representative from approximately December of 2020 until June of 2021.

38.   ICA and Corkery employed Kinsinger as a Designer from approximately October of 2019 until January of 2022.

39.   ECC and Corkery employed Lee as a Designer and Sales Representative from approximately November of 2019 until July of 2020.

40.   ECC and Corkery have employed Zimmerman as a Designer since June of 2017.

41.   ICA and Corkery employed Cavasini-Pludowski as a Designer and Sales Representative from approximately March 2021 until June 2022.

42.   ECC and Corkery employed Thias as a Designer from approximately May of 2019 until December of 2019.

**Page 7 of 19**
**Tony Manzo, et al. v. Engrained Cabinetry and Countertops, LLC, et al.**
**U.S.D.C. (Dist. of Ariz.) 3:22-cv-8081-PCT-JJT**
**First Amended and Substituted Complaint—Collective Action**

43.    Regardless of the job title Defendants assigned to them, all Plaintiffs performed essentially the same job duties: designing and selling cabinetry, countertops, and storage.

21.44. At all times material herein, ~~Defendant~~Defendants classified ~~Plaintiff~~Plaintiffs as exempt from the overtime requirements of the FLSA.

22.45. ~~Defendant~~Defendants paid ~~Plaintiff~~Plaintiffs solely on a commission basis.

23.46. ~~Defendant~~Defendants also employed other commission-paid employees within the three years preceding the filing of this lawsuit (hereinafter, "Commission Employees").

24.47. At all relevant times herein, ~~Defendant~~Defendants directly hired Commission Employees to work at ~~its~~their facilities, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

25.48. 29 C.F.R. § 779.412 states that employees who are paid on a commission basis must receive a constructive hourly rate of 1.~~5x~~5 times the applicable minimum wage.

26.49. ~~Plaintiff was~~Plaintiffs were paid a commission for each cabinet~~ or~~, countertop or storage space that ~~he~~they designed and/or sold.

27.50. Other Commission Employees were paid in a similar manner as ~~Plaintiff.~~Plaintiffs.

**Page 8 of 19**
**Tony Manzo, et al. v. Engrained Cabinetry and Countertops, LLC, et al.**
**U.S.D.C. (Dist. of Ariz.) 3:22-cv-8081-PCT-JJT**
**First Amended and Substituted Complaint—Collective Action**

28.51. ~~Defendant~~Defendants regularly reduced or eliminated entirely ~~Plaintiff's~~Plaintiffs' commission if ~~Plaintiff~~Plaintiffs made an error in designing a cabinet ~~or,~~ countertop~~.~~ or storage space.

29.52. Upon information and belief, ~~Defendant~~Defendants also regularly reduced or refused to pay the commissions earned by other Commission Employees.

30.53. When ~~Plaintiff~~Plaintiffs or other Commission Employees made an error in designing or manufacturing a project, ~~Defendant~~Defendants would quantify the error and then take that amount out of all future commissions until the amount had been paid back. Due to this policy and practice, there were weeks or months in which ~~Plaintiff~~Plaintiffs and other Commission Employees were paid nothing at all.

31.54. In weeks in which ~~Defendant~~Defendants reduced or failed to pay the commission of ~~Plaintiff~~Plaintiffs and other Commission Employees, the hourly rate of ~~Plaintiff~~Plaintiffs and other Commission Employees fell below 1.~~5x~~5 times the applicable minimum wage.

32.55. ~~In weeks in which their hourly rate was less than 1.5x the applicable minimum wage, Plaintiff~~Plaintiffs and other Commission Employees ~~were~~are entitled to an overtime rate of 1.~~5x~~5 times their regular rate of pay for all hours worked over 40.

56. Defendant also deducted against Plaintiffs commissions for expenses incurred on Defendant's behalf.

57. For example, Defendant deducted the following from Plaintiffs commissions: credit card transaction fees when a customer paid with a credit card; social

**Page 9 of 19**
**Tony Manzo, et al. v. Engrained Cabinetry and Countertops, LLC, et al.**
**U.S.D.C. (Dist. of Ariz.) 3:22-cv-8081-PCT-JJT**
**First Amended and Substituted Complaint—Collective Action**

media marketing for the company; travel expenses for mandatory training; and other miscellaneous fees to reduce commission payments.

58.    Plaintiffs therefore "kicked back" the amount of the deductions listed above to Defendants, creating additional minimum wage and overtime violations. *See* 29 C.F.R. § 531.35.

~~33.~~59. At all relevant times herein, ~~Defendant has~~Defendants have deprived ~~Plaintiff~~Plaintiffs and other Commission Employees of proper overtime compensation for all of the hours worked over forty per week.

~~34.~~60. ~~Defendant~~Defendants knew or showed reckless disregard for whether ~~its~~their actions violated the FLSA.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

~~35.    Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.~~

~~36.~~61. ~~Plaintiff brings~~Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated, who were, are, or will be employed by ~~Defendant~~Defendants within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.    Regular wages for all hours worked and overtime premiums for all hours worked over forty hours in any week;

B.    Liquidated damages; and

**Page 10 of 19**
**Tony Manzo, et al. v. Engrained Cabinetry and Countertops, LLC, et al.**
**U.S.D.C. (Dist. of Ariz.) 3:22-cv-8081-PCT-JJT**
**First Amended and Substituted Complaint—Collective Action**

C.      Attorney's fees and costs.

37.62. ~~Plaintiff proposes~~Plaintiffs propose the following collective under the FLSA:

**All commission-paid employees whose pay was
reduced during any week within the past 3 years.**

38.63. In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

39.64. The relevant time period dates back three years from the date on which ~~Plaintiff's~~Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

40.65. The members of the proposed FLSA collective are similarly situated in that they share these traits:

A.      They were paid on a commission basis; and

B.      ~~Defendant~~Defendants reduced their commission to such a degree that their constructive hourly rate fell below 1.~~5x~~5 times the applicable minimum wage.

41.66. ~~Plaintiff is~~Plaintiffs are unable to state the exact number of the collective but believes that it exceeds 20 persons.

42.67. ~~Defendant~~Defendants can readily identify the members of the collective, who are a certain portion of the current and former employees of ~~Defendant~~Defendants.

43.68. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from ~~Defendant~~Defendants.

**Page 11 of 19**
**Tony Manzo, et al. v. Engrained Cabinetry and Countertops, LLC, et al.**
**U.S.D.C. (Dist. of Ariz.) 3:22-cv-8081-PCT-JJT**
**First Amended and Substituted Complaint—Collective Action**

44.69. The email addresses of many of the probable FLSA collective action plaintiffs are available from ~~Defendant~~Defendants.

## VI.    FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA)

45.    ~~Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.~~

46.70. ~~Plaintiff asserts~~Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

47.71. At all relevant times, ~~Defendant has~~Defendants have been, and ~~continues~~continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

48.72. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.~~5x~~5 times their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor ("DOL") regulations.

49.73. 29 U.S.C. § 207(i) requires employers to pay employees who earn compensation on a commission-only basis such that their regular hourly rate is more than 1.~~5x~~5 times the applicable minimum wage rate.

50.74. ~~Defendant~~Defendants classified ~~Plaintiff~~Plaintiffs as exempt from the FLSA requirements ~~of the FLSA~~.

Page 12 of 19
Tony Manzo, et al. v. Engrained Cabinetry and Countertops, LLC, et al.
U.S.D.C. (Dist. of Ariz.) 3:22-cv-8081-PCT-JJT
First Amended and Substituted Complaint—Collective Action

51.75. ~~Defendant~~Defendants failed to pay ~~Plaintiff~~Plaintiffs sufficient compensation to meet the requirements of 29 U.S.C. § 207(i).

52.76. ~~Defendant~~Defendants knew or should have known that ~~its~~their actions violated the FLSA.

53.77. ~~Defendant's~~Defendants' conduct and practices, as described above, were willful.

54.78. By reason of the unlawful acts alleged herein, ~~Defendant is~~Defendants are liable to ~~Plaintiff~~Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of ~~Plaintiff's~~Plaintiffs' initial complaint, plus periods of equitable tolling.

55.79. ~~Defendant has~~Defendants have not acted in good faith nor with reasonable grounds to believe ~~its~~their actions and omissions were not a violation of the FLSA, and, as a result thereof, ~~Plaintiff is~~Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

56.80. Alternatively, should the Court find that ~~Defendant~~Defendants acted in good faith in failing to pay ~~Plaintiff~~Plaintiffs as provided by the FLSA, ~~Plaintiff is~~Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

**VII.   SECOND CLAIM FOR RELIEF**
**(Collective Action Claim for Violation of the FLSA)**

Page 13 of 19
Tony Manzo, et al. v. Engrained Cabinetry and Countertops, LLC, et al.
U.S.D.C. (Dist. of Ariz.) 3:22-cv-8081-PCT-JJT
First Amended and Substituted Complaint—Collective Action

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## ~~VII.~~I.  SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

~~57.~~ ~~Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.~~

~~58.~~81. ~~Plaintiff asserts~~Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

~~59.~~82. At all relevant times, ~~Defendant has~~Defendants have been, and ~~continues~~continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

~~60.~~83. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.~~5x~~5 times their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying ~~Department of Labor~~DOL regulations.

~~61.~~84. 29 U.S.C. § 207(i) requires employers to pay employees who earn compensation on a commission-only basis such that their regular hourly rate is more than 1.~~5x~~5 times the applicable minimum wage rate.

~~62.~~85. ~~Defendant~~Defendants classified ~~Plaintiff~~Plaintiffs and other similarly situated employees as exempt from the overtime provisions of the FLSA.

**Page 14 of 19**
**Tony Manzo, et al. v. Engrained Cabinetry and Countertops, LLC, et al.**
**U.S.D.C. (Dist. of Ariz.) 3:22-cv-8081-PCT-JJT**
**First Amended and Substituted Complaint—Collective Action**

63.86. ~~Defendant~~Defendants failed to pay ~~Plaintiff~~Plaintiffs and other similarly situated employees sufficient compensation to meet the requirements of 29 U.S.C § 207(i).

64.87. ~~Defendant~~Defendants knew or should have known that ~~its~~their actions violated the FLSA.

65.88. ~~Defendant's~~Defendants' conduct and practices, as described above, were willful.

66.89. By reason of the unlawful acts alleged herein, ~~Defendant is~~Defendants are liable to ~~Plaintiff~~Plaintiffs and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

67.90. ~~Defendant has~~Defendants have not acted in good faith nor with reasonable grounds to believe ~~its~~their actions and omissions were not a violation of the FLSA, and, as a result thereof, ~~Plaintiff~~Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

68.91. Alternatively, should the Court find that ~~Defendant~~Defendants acted in good faith in failing to pay ~~Plaintiff~~Plaintiffs and the collective members as provided by

**Page 15 of 19**
**Tony Manzo, et al. v. Engrained Cabinetry and Countertops, LLC, et al.**
**U.S.D.C. (Dist. of Ariz.) 3:22-cv-8081-PCT-JJT**
**First Amended and Substituted Complaint—Collective Action**

the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.  THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of A.R.S. § 23-363)

~~69.     Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.~~

~~70.~~92. ~~Plaintiff asserts~~Plaintiffs assert this claim for damages and declaratory relief pursuant to A.R.S. § 23-363.

~~71.~~93. At all relevant times, ~~Defendant was Plaintiff's~~Defendants were Plaintiffs' "employer" within the meaning of A.R.S. § 23-363.

~~72.~~94. A.R.S. § 23-363 requires employers to pay all employees a lawful minimum wage ($10.50/hr after January of 2018, $11/hr after January of 2019 and $12/hr after January of 2020).

~~73.~~95. During some weeks in which ~~Defendant~~Defendants reduced or failed to pay  ~~Plaintiff's~~Plaintiffs'  commission,  ~~Defendant~~Defendants  failed  to  pay ~~Plaintiff~~Plaintiffs a sufficient minimum wage.

~~74.~~96. ~~Defendant's~~Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

~~75.~~97. By reason of the unlawful acts alleged herein, ~~Defendant is~~Defendants are liable to ~~Plaintiff~~Plaintiffs for monetary and liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred in the

Page 16 of 19
Tony Manzo, et al. v. Engrained Cabinetry and Countertops, LLC, et al.
U.S.D.C. (Dist. of Ariz.) 3:22-cv-8081-PCT-JJT
First Amended and Substituted Complaint—Collective Action

three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

## IX.   FOURTH CLAIM FOR RELIEF
### (Individual Claim for Violations of A.R.S. § 23-351)

98.    Plaintiffs assert this claim for damages and declaratory relief pursuant to A.R.S. § 23-351.

99.    At all relevant times, Defendants were Plaintiffs' "employer" within the meaning of A.R.S. § 23-351.

100.   A.R.S. § 23-351 requires employers to designate two or more days each month, but not more than sixteen days apart, as fixed paydays for payment of wages to employees. The employer is required to pay the employees all wages due to the employee up to that date, except where the employee remains in the service of the employer, all wages other than overtime or exception pay not to exceed five days of labor may be withheld.

101.   Defendants failed to pay Plaintiffs' wages in a timely manner as described above, and in some pay periods, Defendants never paid Plaintiffs their wages.

102.   A.R.S. § 23-355 allows an employee to recover against the employer or former employer an amount that is treble the amount of unpaid wages where the employer fails to pay wages due to the employee.

103.   By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary and liquidated damages and costs, including reasonable attorney's fees provided by A.R.S. § 22-351 for all violations which occurred in the three

Page 17 of 19
Tony Manzo, et al. v. Engrained Cabinetry and Countertops, LLC, et al.
U.S.D.C. (Dist. of Ariz.) 3:22-cv-8081-PCT-JJT
First Amended and Substituted Complaint—Collective Action

years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

### IX.X.  PRAYER FOR RELIEF

WHEREFORE, premises considered, ~~Plaintiff~~Plaintiffs Tony Manzo, Suzanne Adams, Brian Kimmerle, Judy Kinsinger, Matthew Lee, Seth Zimmerman, Nicole Cavasini-Pludowski and Nancy Thias, individually and on behalf of all others similarly situated, respectfully ~~prays~~pray that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.     A declaratory judgment that ~~Defendant's~~Defendants' practices alleged in this Amended Complaint violate the FLSA, the Arizona Revised Statutes and their related regulations;

B.     Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.     Judgment for damages suffered by ~~Plaintiff~~Plaintiffs and others similarly situated for all unpaid wages under the FLSA, the Arizona Revised Statutes and their related regulations;

D.     Judgment for liquidated damages owed to ~~Plaintiff~~Plaintiffs and all others similarly situated pursuant to the FLSA, the Arizona Revised Statutes and their related regulations;

Page 18 of 19
Tony Manzo, et al. v. Engrained Cabinetry and Countertops, LLC, et al.
U.S.D.C. (Dist. of Ariz.) 3:22-cv-8081-PCT-JJT
First Amended and Substituted Complaint—Collective Action

E.      An order directing DefendantDefendants to pay PlaintiffPlaintiffs and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.      Such other and further relief as this Court may deem just and proper.

DATED this 5th2nd day of MayAugust, 2022.

Courtney Lowery
Ariz. Bar No. 036888
courtney@sanfordlawfirm.com

### CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and by email and/or First-Class Mail if non-registrants:

David C. Potts, Esq.
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1708
Fax: (602) 200-7829
dpotts@jshfirm.com

/s/ Courtney Lowery
Courtney Lowery

Page 19 of 19
Tony Manzo, et al. v. Engrained Cabinetry and Countertops, LLC, et al.
U.S.D.C. (Dist. of Ariz.) 3:22-cv-8081-PCT-JJT
First Amended and Substituted Complaint—Collective Action