Josh Sanford (Ark. Bar No. 2001037)
Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
(501) 221-0088
josh@sanfordlawfirm.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PRESCOTT DIVISION

| | |
|---|---|
| Tony Manzo, Suzanne Adams, Brian Kimmerle, Judy Kinsinger, Matthew Lee, Seth Zimmerman, Nicole Cavasini-Pludowski and Nancy Thias, Each Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>Engrained Cabinetry and Countertops, LLC, Inspired Closets of Arizona, LLC, and Thomas Corkery,<br><br>Defendants. | No. 3:22-cv-8081-PCT-JJT<br><br>**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Plaintiffs Tony Manzo, *et al*, each individually and on behalf of all others similarly situated ("Plaintiffs"), by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, for their Motion for Partial Summary Judgment, state as follows:

1.      Plaintiffs brought this collective action against Defendants Engrained Cabinetry and Countertops, LLC ("ECC"), Inspired Closets of Arizona, LLC ("ICA"),

and Thomas Corkery ("Corkery") (hereinafter collectively "Defendants"), for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA"), and the minimum wage provisions of the Arizona Revised Statutes, A.R.S. § 23-363.

2.      Plaintiffs now seek summary judgment regarding the inapplicability of any FLSA exemptions to Plaintiffs which would excuse Defendants from fulfilling the FLSA's overtime requirements.

3.      Specifically, the only potential exemptions raised by Defendants in this case are the commission (29 U.S.C. §207(i)) and professional (29 U.S.C. § 213(a)(1)) exemptions; therefore, this is the only exemptions for which Plaintiff needs to move for summary judgment in order to obtain summary judgment regarding the inapplicability of any FLSA exemptions in this case.

4.      An employer who claims an exemption from the FLSA bears the burden of demonstrating that the exemption applies. *Klem v. County of Santa Clara*, 208 F.3d 1085, 1089 (9th Cir. 2000). And these exemptions are to be narrowly construed against employers and are to be withheld except as to persons "plainly and unmistakably within their terms and spirit." *Id*. (citations omitted).

5.      Defendants cannot raise a genuine issue of material fact from which a reasonable jury could conclude that Plaintiffs were exempt from the FLSA's overtime compensation requirements.

6.      Plaintiffs are entitled to summary judgment that they did not qualify for

1  any exemptions to the overtime requirements of the FLSA during their employment with

2  Defendants and that Defendants were required but failed to pay Plaintiffs overtime

3  compensation for all hours worked in excess of forty (40) per week.

4        7.    Plaintiffs incorporate the following in support of their Motion:

5          a.  Declaration of Tony Manzo, ECF No. 34-6;

        b.  Declaration of Nicole Pludowski, ECF No. 34-7;

6          c.  Declaration of Suzanne Adams, ECF No. 34-8; and

        d.  Plaintiffs' Statement of Material Facts.

7

8  WHEREFORE, premises considered, Plaintiffs respectfully pray that the Court

grant summary judgment in their favor on the issue of the inapplicability of any
9
exemptions to the FLSA's overtime wage requirements; for costs and reasonable
10
attorney's fees; and for all other good and proper relief to which they may be entitled.
11

12

13

14

15

16

17

18

19

20

21

22

**MEMORANDUM BRIEF IN SUPPORT**

**I.**
**INTRODUCTION**

This is a relatively straightforward misclassification case, wherein Defendants wrongfully regarded Plaintiffs as employees exempt from the overtime requirements of the FLSA and accordingly failed to compensate Plaintiffs for the overtime hours worked. Defendants failed to produce evidence giving rise to any genuine dispute of material fact. For these reasons, and as extrapolated upon below, Plaintiffs respectfully ask this Court to enter partial summary judgment in their favor.

**II.**
**SUMMARY JUDGMENT STANDARD**

Motions for summary judgment are governed by Rule\ 56, which provides that summary judgment is proper when there are no genuine issues of material fact remaining in a case and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *see also*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole." *Id*.  Rule 56 mandates the entry of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  F.R.C.P. 56(a) (noting that the court "shall" grant summary judgment if the movant meets the standard).

The party moving for summary judgment has the initial burden of informing the Court of the basis for its motion and identifying the pleadings, admissions, discovery

documents, and affidavits it contends show the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. When the burden of proof of the issue or claim rests with the nonmoving party, the moving party can meet its initial burden in a summary judgment motion by pointing out to the district court "that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325. The nonmoving party must then go beyond its own pleadings to designate specific controverted facts raising genuine triable issues. *Id*. at 325.

### III.
### ARGUMENT

#### A.     Introduction.

The FLSA creates financial obligations upon employers such as Defendants, including the requirement that for every hour worked in excess of forty per week, the employer must pay a premium rate of 1.5 times the employee's normal hourly rate ("overtime pay"). 29 U.S.C. §§ 206, 207. The FLSA exempts certain employees from its overtime protections. 29 U.S.C. §§ 207, 213.

An employer who claims an exemption from the FLSA bears the burden of demonstrating that the exemption applies. *Klem v. County of Santa Clara*, 208 F.3d 1085, 1089 (9th Cir. 2000). These exemptions are to be narrowly construed against employers and are to be withheld except as to persons "plainly and unmistakably within their terms and spirit." *Id*. (citations omitted); *Donovan v. Nekton, Inc*., 703 F.2d 1148, 1151 (9th Cir. 1983). Whether an employee falls within an exemption from federal overtime requirements is properly decided by courts because "the determination of

whether a plaintiff's activities excludes him or her 'from the overtime benefits of the FLSA is a question of law." *Ingram v. County of Bucks*, 144 F.3d 265, 267 (3d Cir. 1998) (citing *Berry v. County of Sonoma*, 30 F.3d 1174, 1180 (9th Cir. 1994) and *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714 (1986)).

It is undisputed that Plaintiffs were employees of Defendants at all times relevant hereto. Statement of Material Facts ¶¶ 4-12.  Plaintiffs did not qualify for any exemption to the FLSA's overtime requirements, and the only exemptions raised by Defendants in this case are the commission and professional exemptions. Answ. to Amended Complaint; ECF No. 41. Defendants carry the burden of proof regarding the exemptions but cannot raise a genuine issue of material fact which would permit a reasonable jury to find that Plaintiffs qualified for the exemptions; therefore, Plaintiffs are entitled to summary judgment in their favor regarding the inapplicability of the commission and professional exemptions or any other exemptions to the overtime requirements of the FLSA.

### B.    Retail Commission Exemption, 29 U.S.C. § 207(i).

This Court must hold that the Retail Commission Exemption does not apply to Plaintiffs. The elements of the Section 207(i) exemption are that (1) the employee is employed by a retail or service establishment, (2) the employee's regular rate exceeds 1.5 times the minimum wage, and (3) more than half of the employee's total compensation is from commissions:

> No employer shall be deemed to have violated [the overtime provisions of the FLSA] by employing any employee of a retail or service establishment

for a workweek in excess of the applicable workweek specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title, and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services.

29 U.S.C.S. § 207(i).

As with all exemptions to the overtime requirements of the FLSA, the Commission Employees Exemption must be narrowly construed against the employer asserting it:

The Fair Labor Standards Act was designed "to extend the frontiers of social progress" by "insuring to all our able-bodied working men and women a fair day's pay for a fair day's work." Message of the President to Congress, May 24, 1934. Any exemption from such humanitarian and remedial legislation must therefore be narrowly construed, giving due regard to the plain meaning of statutory language and the intent of Congress. To extend an exemption to other than those plainly and unmistakably within its terms and spirit is to abuse the interpretative process and to frustrate the announced will of the people.

*A. H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945).

As such, to qualify for the Retail Commission Exemption, Defendants must show that: (1) Plaintiffs were employees of "a retail or service establishment;" (2) Plaintiffs' regular rate of pay was more than one and one-half times the minimum wage; and (3) more than half of each Plaintiffs' compensation for a representative period of at least one month is from commissions on goods or services. 29 U.S.C. § 207(i). The nature of the employer's business, not the work performed by a particular employee, determines whether establishment-based exemptions, including Section 207(i), apply. *Marshall v. New Hampshire Jockey Club*, 562 F.2d 1323, 1331 n.4 (1st Cir. 1977). Any exemption

from the FLSA must "be narrowly construed . . . . To extend an exemption to other than those plainly and unmistakably within its terms and spirit is to abuse the interpretive process and to frustrate the announced will of the people." *Donovan v. Nekton, Inc.*, 703 F.2d 1148, 1151 (9th Cir. 1983) (*citing A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493, 65 S. Ct. 807, 89 L. Ed. 1095 (1945)).

Defendants cannot produce evidence which would permit a reasonable juror or this Court to find that the retail commission exemption applies to Plaintiffs. First, under the Retail Commission Exemption, the employer must be part of a conceptually retail industry and must show that 75% of its annual dollar volume of sales were recognized as retail in the industry and were not for resale. The phrase "goods and services mean "retail goods and services" and the job duties of Plaintiffs lacked the necessary retail concept and are, therefore, outside the scope of the exemption. Here, Defendants are in an industry, which is not conceptually retail. "Retail or service establishment" is defined as an "establishment 75 per centum of whose annual dollar volume of sales of goods or services (or of both) is not for resale and is recognized as retail sales or services in the particular industry." 29 C.F.R. § 779.312; *Reich v. Delcorp, Inc.*, 3 F.3d 1181, 1183 (8th Cir. 1993). It "is one which sells goods or services to the general public" and "serves the everyday needs of the community in which it is located." 29 C.F.R. § 779.318. These include grocery stores, hardware stores, clothing stores, coal dealers, furniture stores, restaurants, hotels, watch repair shops, barber shops, "and other such local establishments." *Id.* For a business to qualify for the exemption, Congress must

have contemplated it as falling within the retail concept. *Brennan v. Keyser*, 507 F.2d 472, 475 (9th Cir. 1974); *see also* 29 C.F.R. § 779.315 (stating that the term "retail" must be read in the context of Congressional objectives). When Congress enacted the exemption, it "was interested in exempting those regularly engaged in local retailing activities and those employed by small local retail establishments, epitomized by the corner grocery, the drug store and the department store." *A. H. Phillips, Inc. v. Walling*, 324 U.S. 490 (1945).

Thus, to meet the 207(i) exemption, the employer "(a) must engage in the making of sales of goods or services; and (b) 75% of its sales of goods or services, or of both, must be recognized as retail in the particular industry; and (c) not over 25% of its sales of goods or services, or of both, may be sales for resale." 29 C.F.R. § 779.313. Even if a particular establishment could be said to fall within an industry that is ordinarily and traditionally recognized as retail, the particular establishment must still show that the requisite volume of actual sales involved goods or services recognized as retail within the industry. 29 C.F.R. § 779.321. Accordingly, Defendants must show that seventy-five percent of its annual dollar volume of sales of goods or services were recognized as retail within the particular industry. 29 C.F.R. § 779.322. Even if, arguendo, Defendants' establishments do not categorically lack a retail concept, Defendants cannot prove that 75% of their annual dollar volume of sales were recognized as retail sales or services in the industry and were not for resale. Therefore, this Court must hold that the Commission Employee Exemption does not apply to Plaintiffs.

Furthermore, Defendants must also produce evidence that Plaintiffs' regular rate of pay was more than one and one-half times the minimum wage, but Defendants cannot do so. As described in Plaintiffs' Statement of Material Facts, Defendants regularly reduced or eliminated entirely Plaintiffs' and other Commission Employees' commissions if they made an error in designing a cabinet, countertop, or storage. Statement of Material Facts ¶ 22. Defendants also deducted against Plaintiffs' commissions and those of other Commission Employees for expenses incurred on Defendants' behalf. *Id*. at ¶ 25. As a result, there were weeks or months during which Plaintiffs were not paid at all. *Id*. at ¶ 24. And in weeks in which Defendants reduced or failed to pay the commission of Plaintiffs and other Commission Employees, the hourly rate of Plaintiffs and other Commission Employees fell below 1.5 times the applicable minimum wage. *Id*. at ¶ 27. Defendants simply cannot produce evidence from which a reasonable jury could find that all prongs of the retail commission exemption were met. The failure to meet even one of the prongs of the retail commission exemption precludes applicability of the exemption. Defendants cannot produce a genuine issue of material fact for trial on the first and/or the second prong of the executive exemption. Therefore, Plaintiffs are entitled to summary judgment regarding the inapplicability of the retail commission exemption, or any other exemption.

**C.    Professional Exemption, 29 U.S.C. § 213(a)(1), 29 C.F.R. § 541.300.**

This Court must likewise hold that the Professional Exemption does not apply to Plaintiffs. Under 29 C.F.R. § 541.300(a), the term "employee employed in a bona fide

professional capacity" means "any employee":

> (1) Compensated on a salary or fee basis at a rate of not less than $684 per week . . . ; and
> (2) Whose primary duty is the performance of work: (i) Requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction; or (ii) Requiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

29 C.F.R. § 541.300.

To qualify as a professional employee and be exempt from the overtime provisions of the FLSA, an employee must meet each of the above criteria.

First, Plaintiffs do not qualify for the professional exemption because they were not compensated on a salary or fee basis at a specified salary level. An employee is paid on a "salary basis" if "the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a). Here, it is undisputed that Plaintiffs were paid commission, not a salary as required by the exemption, and the professional exemption is therefore inapplicable. Statement of Material Facts at ¶¶ 19-20.

Furthermore, Plaintiffs' primary duty did not require "knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction" (referred to as the "learned professional") nor did their primary duty require "invention, imagination, originality or talent in a field of

artistic or creative endeavor" (referred to as the "creative professional").

29 C.F.R. § 541.301 provides: To qualify for the learned professional exemption, an employee's primary duty must be the performance of work requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction. This primary duty test includes three elements:

(1) The employee must perform work requiring advanced knowledge;
(2) The advanced knowledge must be in a field of science or learning; and
(3) The advanced knowledge must be customarily acquired by a prolonged course of specialized intellectual instruction.

29 C.F.R. § 541.300–301. The phrase "work requiring advanced knowledge" means "work which is predominantly intellectual in character, and which includes work requiring the consistent exercise of discretion and judgment, as distinguished from performance of routine mental, manual, mechanical or physical work." 29 C.F.R. § 541.301(b). Also, "[t]he phrase 'field of science or learning' includes the traditional professions of law, medicine, theology, accounting, actuarial computation, engineering, architecture, teaching, various types of physical, chemical and biological sciences, pharmacy and other similar occupations that have a recognized professional status as distinguished from the mechanical arts or skilled trades . . . ." 29 C.F.R. § 541.301(c). Further, "[t]he phrase 'customarily acquired by a prolonged course of specialized intellectual instruction' restricts the exemption to professions where specialized academic training is a standard prerequisite for entrance into the profession." 29 C.F.R. § 541.301(d).  The thrust of the Learned Professionals Exemption is that it applies to those who are required to be licensed or certified by a board of other professionals in

the field. *See* 29 C.F.R. § 541.301(e)(1) ("Learned professionals," provides that registered or certified medical technologists, certified public accountants, registered nurses (but not licensed practical nurses or other similar health care employees), dental hygienists with four academic years of pre-professional and professional study in an accredited college, and certified physician assistants generally meet the duties requirements for the learned professional exemption."). The Learned Professional Exemption "does not apply to occupations in which most employees have acquired their skill by experience rather than by advanced specialized intellectual instruction." 29 C.F.R. § 541.301(d).

To qualify for the Creative Professional Exemption, the "employee's primary duty must be the performance of work requiring invention, imagination, originality or talent in a recognized field of creative or artistic endeavor as opposed to routine, mental, manual, mechanical or physical work." 29 C.F.R. §541.302(a). Examples of "a recognized field of creative or artistic endeavor, includes music, writing, acting and the graphic arts. 29 C.F.R. §541.302(b). Examples of creative professionals include: actors, musicians, composers, conductors, and soloists; painters who at most are given the subject matter of their painting; cartoonists who are merely told the title or underlying concept of a cartoon and must rely on their own creative ability to express the concept; [and] essayists, novelists, short-story writers and screen-play writers who choose their own subjects and hand in a finished piece of work to their employers. 29 C.F.R § 541.302(c) (emphasis added); *See also Bohn v. Park City Group, Inc.*, 94 F.3d 1457

(10th Cir. 1996) ("We doubt . . . a technical writer/documenter could qualify for an artistic professional exemption."). In this case, Plaintiffs' work did not fall into the types of work envisioned by the Creative Professional Exemption.

Here Plaintiffs did not meet the Professional Exemption as a matter of law. Plaintiffs and other Commission Employees were not engaged in work requiring advanced knowledge. Plaintiffs work as designers and sales representatives for Defendants. *See* Statement of Material Facts ¶¶ 1-17. Among the Plaintiffs, there was a wide variety of degrees held, which demonstrates that most of them have acquired their knowledge by experience, an apprenticeship, or general knowledge rather than by advanced specialized intellectual instruction. Plaintiffs lacked the authority to exercise discretion and judgment in their jobs. Plaintiffs' jobs were not predominantly intellectual in character, because they were simply responsible for designing and selling cabinetry, countertops, and storage. *Id.* at ¶ 16. Additionally, Plaintiffs' job duties did not require "knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction." Defendants did not require applicants to have specialized academic training as a prerequisite to being hired as Designers or Sales Representatives. Plaintiffs acquired their knowledge of the job by experience. Further, nothing in the record shows that "Designer" or "Sales Representative" is a profession in which one must be licensed, certified, or registered to practice. Plaintiffs learned to do their jobs by experience, which alone is enough to obliterate the application of the Professional Exemption, *see* 29 C.F.R. § 541.301(d)

("Learned Professional Exemption does not apply to occupations in which most employees have acquired their skill by experience").

In sum, Plaintiffs and other Commission Employees for Defendants were not compensated on a salary or fee basis at a specified salary level as required by the first prong of the Professional Exemption. Secondly, Plaintiffs and other Commission Employees did not exercise discretion and judgment, they did not engage in work that was primarily intellectual in character, and no prerequisites to entry into the job of Designer existed, nor could Plaintiff's job qualify for an artistic professional exemption. Therefore, this Court must hold that the Professional Exemption does not apply to Plaintiffs.

**IV.**
**CONCLUSION**

Defendants carry the burden of proving the applicability of any exemptions to the FLSA's overtime requirements. Defendants cannot provide evidence which would allow a reasonable juror to find that any exemptions to the minimum and overtime wage requirements of the FLSA applied to Plaintiffs, including but not limited to the retail commission and/or the professional exemption. As such, the Plaintiffs pray that this Court grant their Motion for Partial Summary Judgment.

DATED this 23rd day of August, 2023.

SANFORD LAW FIRM, PLLC

By: *s/ Josh Sanford*
Josh Sanford
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
(501) 221-0088

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I, Josh Sanford, hereby certify that on the date imprinted by the CM/ECF system,

a true and correct copy of the foregoing was electronically filed via the CM/ECF system,

which will provide notice to the following attorneys of record:

David C. Potts, Esq.
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1708
Facsimile: (602) 200-7829
dpotts@jshfirm.com

*/s/ Josh Sanford*
**Josh Sanford**