Josh Sanford (Ark. Bar No. 2001037)
Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
(501) 221-0088
josh@sanfordlawfirm.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PRESCOTT DIVISION

| | |
|---|---|
| Tony Manzo, Suzanne Adams, Brian Kimmerle, Judy Kinsinger, Matthew Lee, Seth Zimmerman, Nicole Cavasini-Pludowski and Nancy Thias, Each Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>Engrained Cabinetry and Countertops, LLC, Inspired Closets of Arizona, LLC, and Thomas Corkery,<br><br>Defendants. | No. 3:22-cv-8081-PCT-JJT<br><br>**PLAINTIFFS' STATEMENT OF MATERIAL FACTS** |

Plaintiffs Tony Manzo, *et al*, each individually and on behalf of all others similarly situated ("Plaintiffs"), by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their Statement of Material Facts, do hereby state and allege as follows:

1

1. Defendants' primary business is selling and installing cabinets, countertops and storage. First Amended Complaint ("FAC") ¶¶ 21-23, ECF No. 30; Answer ("Answ.") to FAC ¶ 7, ECF No. 41; Declaration of Tony Manzo (hereinafter "Decl. Manzo") ¶ 3. ECF No. 34-6; Declaration of Declaration of Nicole Pludowski (hereinafter "Decl. Pludowski") ¶ 3. ECF No. 34-7; and Declaration of Suzanne Adams (hereinafter "Decl. Adams") ¶ 3. ECF No. 34-8 (collectively "All Decs.").

2. Defendant Corkery is a principal, director, officer, and/or owner of both ECC and ICA. FAC ¶ 24, ECF No. 30; Answ. to FAC ¶ 7, ECF No. 41.

3. Defendant Corkery took an active role in operating both ECC and ICA and in the management thereof. FAC ¶ 25, ECF No. 30; Answ. to FAC ¶ 7, ECF No. 41.

4. Plaintiff Manzo was employed by ECC and Corkery as a Designer from approximately September of 2019 until November of 2021. FAC ¶ 35, ECF No. 30; Answ. to FAC ¶ 11, ECF No. 41; Decl. Manzo at ¶ 4. ECF No. 34-6.

5. Defendants employed Adams as a Sales Representative and Designer for Engrained Cabinetry and Countertops, LLC from approximately January 2019 until August of 2019 and for Inspired Closets of Arizona, LLC from approximately August of 2019 until March of 2020. FAC ¶ 36, ECF No. 30; Answ. to FAC ¶ 11, ECF No. 41; Decl. Adams at ¶ 4. ECF No. 34-8.

6. ECC and Corkery employed Kimmerle as a Sales Representative from approximately June of 2013 until December of 2020. ICA and Corkery employed

Kimmerle as a Sales Representative from approximately December of 2020 until June of 2021. FAC ¶ 37, ECF No. 30; Answ. to FAC ¶ 11, ECF No. 41.

7. ICA and Corkery employed Kinsinger as a Designer from approximately October of 2019 until January of 2022. FAC ¶ 38, ECF No. 30; Answ. to FAC ¶ 11, ECF No. 41.

8. ECC and Corkery employed Lee as a Designer and Sales Representative from approximately November of 2019 until July of 2020. FAC ¶ 39, ECF No. 30; Answ. to FAC ¶ 11, ECF No. 41.

9. ECC and Corkery have employed Zimmerman as a Designer since June of 2017. FAC ¶ 40, ECF No. 30; Answ. to FAC ¶ 11, ECF No. 41.

10. ICA and Corkery employed Cavasini-Pludowski as a Designer and Sales Representative from approximately March 2021 until June 2022. FAC ¶ 41, ECF No. 30; Answ. to FAC ¶ 11, ECF No. 41; Decl. Pludowski at ¶ 4. ECF No. 34-7.

11. ECC and Corkery employed Thias as a Designer from approximately May of 2019 until December of 2019. FAC ¶ 42, ECF No. 30; Answ. to FAC ¶ 11, ECF No. 41.

12. Defendants employ other commission-paid employees (hereinafter, "Commission Employees"). All Decs. at ¶ 5. ECF Nos. 34-6, 34-7, 34-8.

13. Regardless of the job title Defendants assigned to them, all Plaintiffs performed essentially the same job duties: designing and selling cabinetry, countertops, and storage. FAC ¶ 43, ECF No. 30; Answ. to FAC ¶ 11, ECF No. 41.

14. Corkery implemented the same or similar pay policies at ECC and ICA. FAC ¶ 27, ECF No. 30; Answ. to FAC ¶ 9, ECF No. 41.

15. Employees of ECC and ICA performed similar work, were subject to the same or similar pay policies, and incurred damages stemming from the same or similar violations of the FLSA. FAC ¶ 28, ECF No. 30; Answ. to FAC ¶ 9, ECF No. 41.

16. Plaintiffs' job for Defendants involved developing cabinetry, countertop and storage designs and selling products. All Decs. at ¶ 9.

17. Other Commission Employees had the same or similar job duties as Plaintiffs. *Id.* at ¶ 10.

18. Defendants classified Plaintiffs as exempt from the overtime requirements of the FLSA. FAC ¶ 44, ECF No. 30; Answ. to FAC ¶ 12, ECF No. 41.

19. Defendants paid Plaintiffs solely on a commission basis. FAC ¶ 45, ECF No. 30; Answ. to FAC ¶ 12, ECF No. 41; All Decs. at ¶ 12.

20. Specifically, Plaintiff and other Commission Employees were paid a commission for each cabinet, countertop, or storage space that they designed and/or sold. All Decs. at ¶¶ 13-14.

21. Defendants directly hired Plaintiffs and other Commission Employees to work at its facilities, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment. *Id.* at ¶ 15.

22. Defendants regularly reduced or eliminated entirely Plaintiffs' and other Commission Employees' commissions if they made an error in designing a cabinet, countertop or storage. *Id.* at ¶¶ 16-17.

23. When Plaintiffs made an error in designing or manufacturing a project, Defendants would quantify the error and then take that amount out of all future commissions until the amount had been paid back. *Id.* at ¶ 18.

24. Due to this policy and practice, there were weeks or months in which Plaintiffs were paid nothing at all. *Id.*

25. Defendants also deducted against Plaintiffs' commissions and those of other Commission Employees for expenses incurred on Defendants' behalf. *Id.* at ¶ 19.

26. For example, Defendants deducted the following from Commission Employees' commissions: credit card transaction fees when a customer paid with a credit card; social media marketing for the company; travel expenses for mandatory training; and other miscellaneous fees. *Id.* at ¶¶ 20, 21.

27. In weeks in which Defendants reduced or failed to pay the commission of Plaintiffs and other Commission Employees, the hourly rate of Plaintiffs and other Commission Employees fell below 1.5x the applicable minimum wage. All Decs. ¶ 22.

28. In weeks in which their hourly rate was less than 1.5x the applicable minimum wage, Plaintiff and other Commission Employees were entitled to an overtime rate of 1.5x their regular rate of pay for all hours worked over 40, which they did not receive. *Id.* at ¶ 23.

29. Plaintiffs and other Commission Employees regularly worked over 40 hours per week during their employment with Defendants. *Id.* at ¶¶ 24, 25.

DATED this 23rd day of August, 2023.

SANFORD LAW FIRM, PLLC

By: *s/ Josh Sanford*
Josh Sanford
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
(501) 221-0088

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I, Josh Sanford, hereby certify that on the date imprinted by the CM/ECF system, a true and correct copy of the foregoing was electronically filed via the CM/ECF system, which will provide notice to the following attorneys of record:

David C. Potts, Esq.
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1708
Facsimile: (602) 200-7829
dpotts@jshfirm.com

*/s/ Josh Sanford*
**Josh Sanford**