David C. Potts, Bar #030550
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-4547
Fax: (602) 200-7829
dpotts@jshfirm.com

Attorneys for Defendants Engrained Cabinetry and Countertops, LLC, Inspired Closets of Arizona, LLC, and Thomas Corkery

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Tony Manzo, Suzanne Adams, Brian Kimmerle, Judy Kinsinger, Matthew Lee, Seth Zimmerman, Nicole Cavasini-Pludowski and Nancy Thias, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> Engrained Cabinetry and Countertops, LLC, Inspired Closets of Arizona, LLC, and Thomas Corkery, <br><br> Defendants. | No. 3:22-cv-08081-JJT <br><br> **Defendants' Response to Plaintiffs' Motion for Partial Summary Judgment** |

Defendants Engrained Cabinetry and Countertops, LLC, Inspired Closets of Arizona, LLC, and Thomas Corkery (collectively "Defendants"), by and through counsel undersigned, hereby respond to Plaintiffs' Motion for Partial Summary Judgment.

Plaintiffs' Motion sweeps with too broad a brush. In their Motion, Plaintiffs ask this Court to rule, as a matter of law, that *no* Plaintiff is subject to the commissioned employee exemption to the Fair Labor Standards Act.[1] That is simply inaccurate. All Plaintiffs were employees of a "retail or service establishment" – either Engrained or Inspired – and Plaintiffs wholly fail to establish that their regular rate of pay was less than

---

[1] Defendants concede that Plaintiffs are not subject to the professional exemption of the FLSA (29 U.S.C. § 213(a)(1)).

12096683.1

one-and-one-half times the minimum wage for the entirety of their employment, particularly when the only evidence in their favor are identical Declarations from only three Plaintiffs that were filed months ago and disputed by Defendants. As such, Plaintiffs' Motion for Partial Summary Judgment should be denied as to the applicability of the commissioned employee exemption to the FLSA.

I.   **FACTUAL BACKGROUND**

This is a wage dispute case. Plaintiffs were Designers for Engrained Cabinetry and Countertops, LLC or Inspired Closets of Arizona, LLC (and, in a couple of cases, both). Their job was to design storage solutions, mostly for individual homeowners. *See* Plaintiffs' Statement of Facts ("PSOF") (Doc. 53) at ¶ 13.

Engrained sells and installs cabinets for use in kitchens, bathrooms, laundry rooms, closets, garages, and workshops. *See* Defendants' Controverting and Separate Statement of Facts ("DSOF") (Doc. 61) at ¶ 30. It also sells and installs countertops, drawers, shelves, and the attendant hardware for all of these. *See* DSOF at ¶ 30. Engrained's primary market for these products and services are homeowners, and, in Engrained's estimation, well over 75% of Engrained's sales are to individual homeowners. *See* DSOF at ¶ 31. Regardless, none of Engrained's sales of goods or services are sales for resale; all are to an end-user, whether it's a homeowner or a business. *See* DSOF at ¶ 32.

Inspired sells and installs storage solutions, predominantly for homeowners and often for closets, but also for pantries, home offices, murphy beds, entertainment centers, and other home organization solutions. *See* DSOF at ¶ 33. Inspired's primary market for these products and services are homeowners, and Inspired estimates that well over 75% of its sales are to individual homeowners. *See* DSOF at ¶ 34. None of Inspired's sales of goods or services are sales for resale; all are to an end-user, whether it's a homeowner or a business. *See* DSOF at ¶ 35.

The Designers for Engrained and Inspired were largely paid on a commission-basis, though there were some individual differences in pay – some employees received a draw for some portion of their employment, some employees were paid hourly for some portion of their employment, and so on. *See* DSOF at ¶ 36. Because of the nature of their work, they were permitted to work from home and largely did so. *See* DSOF at ¶ 41.

Through this lawsuit, Plaintiffs now allege that they were not paid overtime to which they were entitled and that, though they were paid largely on a commission basis, the § 207(i) exemption of the FLSA does not apply to them. As part of this argument, Plaintiffs allege (necessarily) that they worked over forty hours a week. They also allege that they were not paid one-and-one-half times the minimum wage, but have not produced any evidence regarding their hours worked or their compensation that would allow for this conclusion to be drawn. To the contrary, based on the compensation they received, it appears that they were, in fact, paid one-and-one-half times the minimum wage. *See* DSOF at ¶ 38 – 40.

## II.   LEGAL ARGUMENT

Plaintiffs argue that despite the fact that "Defendants' primary business is selling and installing cabinets, countertops and storage," Defendants are not "retail or service" establishments under 29 U.S.C. § 207(i). Moreover, they argue that their "regular rate of pay" was not in excess of one and one-half times minimum wage. They are wrong on both counts, and their Motion for Partial Summary Judgment should be denied.

### A.   Engrained and Inspired are both "retail or service establishments" within the meaning of the FLSA.

In order for the § 207(i) exemption to the FLSA to apply, Defendants must be "retail or service" establishments. To fit this requirement, Defendants must "engage in the making of sales of goods or services," "75 percent of its goods or services, or of both, must be recognized as retail in the particular industry," and "not over 25 percent of its sales

3

12096683.1

of goods or services, or both, may be sales for resale." 29 C.F.R. § 779.313. Engrained and Inspired plainly fall into this category.

Plaintiffs concede, in their Statement of Facts, that "Defendants' primary business is selling and installing cabinets, countertops and storage." *See* Plaintiffs' Statement of Facts (Doc. 53). At no point do Plaintiffs even try to explain why Engrained and Inspired, then, are not "recognized as retail in the particular industry." Indeed, while Plaintiffs claim that a retail establishment "is one which sells goods or services to the general public" and "serves the everyday needs of the community in which it is located," Plaintiffs ignore that "Congress also intended that the retail exemption extend in some measure beyond consumer goods and services to embrace certain products almost never purchased for family or noncommercial use." 29 C.F.R. § 779.318(b) (explaining that the retail exemption includes some items "like small trucks and farm implements" that "are often distributed in stores or showrooms by means not dissimilar to those used for consumer goods.")

Engrained and Inspired, then, are unquestionably retail. Both sell and install cabinets, countertops and storage to end-users, who are predominantly individual homeowners. *See* DSOF at ¶¶ 30 – 31, 33 – 34. In any event, *all* of Engrained's and Inspired's sales are to end-users of some variety, whether individuals or businesses, and none are goods or services for resale. *See* DSOF at ¶¶ 32, 35. Given this, Engrained and Inspired are both "retail or service establishments" to whom the § 207(i) exemption to the FLSA is available.

**B.     Plaintiffs cannot establish that their regular rate of pay was less than one-and-one-half times the minimum wage.**

Plaintiffs claim that, even if the § 207(i) exemption to the FLSA could apply (because Engrained and Inspired are retail or service establishments), they are still entitled to summary judgment on this because "Defendants must also produce evidence that Plaintiffs' regular rate of pay was more than one-and-one-half times the minimum wage."

4

This is incorrect – on a Motion for Partial Summary Judgment, Plaintiffs must first, themselves, present evidence of some kind to meet their evidentiary burden.

Plaintiffs have, generally, failed to do so. The only evidence cited by Plaintiffs are Declarations for some – but not all – Plaintiffs. These Declarations – all largely identical, and all prepared months ago – do not contain any specifics about how much these Plaintiffs made, how many hours they specifically worked, or any other information that would actually allow for the conclusion that they were not paid one-and-one half times the minimum wage. Worse, with respect to the Plaintiffs who did not submit Declarations, Plaintiffs do not have *any* evidence that they were not paid one-and-one-half times the minimum wage.

With respect to Mr. Manzo, Ms. Cavasini-Pludowski, and Ms. Adams – all of whose Declarations were cited in Plaintiffs' Statement of Facts (Doc. 53) – there are disputes as to whether those employees were, in fact, paid one-and-one-half times the minimum wage. For example, with respect to Mr. Manzo, Defendants are confident that, for nearly every month of his employment, he was paid one-and-one-half times the minimum wage. *See* DSOF at ¶ 38. The same is largely true of Ms. Cavasini-Pludowski and Ms. Adams. *See* DSOF at ¶¶ 39 – 40.

That is not to say that Plaintiffs are wholly unable to prove their case. It is certainly possible that, at trial, Plaintiffs present testimony regarding the hours they worked each month, evidence regarding how much they made, and argue that the § 207(i) exemption is thus unavailable for at least some portion of their employment. The problem for Plaintiffs is that none of them have actually produced this testimony. There are not even Declarations from Plaintiffs, at this stage, about the hours they worked and the money they made, and, from Defendants' perspective, it certainly appears that Plaintiffs' claims largely fail. *See* DSOF at ¶¶ 38 – 40.

5

At an absolute minimum, there is a dispute of fact about whether Plaintiffs made at least one-and-one-half times the minimum wage, which precludes an entry of partial summary judgment for Plaintiffs on the § 207(i) exemption.

### III. CONCLUSION

Plaintiffs' Motion should be denied as to the § 207(i) exemption. Engrained and Inspired are both retail or service establishments within the meaning of the FLSA, and given the evidence available about how much Plaintiffs made, Plaintiffs have fallen woefully short of establishing that, as a matter of undisputed fact, they were paid less than one-and-one-half times the minimum wage. As a result, Plaintiffs' Motion should be denied with respect to the § 207(i) exemption.[2]

DATED this 13th day of October, 2023.

JONES, SKELTON & HOCHULI, P.L.C.

By /s/David C. Potts
David C. Potts
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Defendants Engrained Cabinetry and Countertops, LLC, Inspired Closets of Arizona, LLC, and Thomas Corkery

---

[2] As noted, Defendants concede that Plaintiffs are not subject to the professional exemption of the FLSA (29 U.S.C. § 213(a)(1)), so summary judgment as to the applicability of that exemption is appropriate.

6

12096683.1