David C. Potts, Bar #030550
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-4547
Fax: (602) 200-7829
dpotts@jshfirm.com

Attorneys for Defendants Engrained Cabinetry and Countertops, LLC, Inspired Closets of Arizona, LLC, and Thomas Corkery

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Tony Manzo, Suzanne Adams, Brian Kimmerle, Judy Kinsinger, Matthew Lee, Seth Zimmerman, Nicole Cavasini-Pludowski and Nancy Thias, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> Engrained Cabinetry and Countertops, LLC, Inspired Closets of Arizona, LLC, and Thomas Corkery, <br><br> Defendants. | No. 3:22-cv-08081-JJT <br><br> **Defendants Engrained Cabinetry and Countertops, LLC, Inspired Closets of Arizona, LLC, and Thomas Corkery's Controverting Statement of Facts and Separate Statement of Facts** |

Defendants Engrained Cabinetry and Countertops, LLC, Inspired Closets of Arizona, LLC, and Thomas Corkery, by and through counsel undersigned, hereby controvert Plaintiffs' Statement of Material Facts and assert their Separate Statement of Facts as follows:

**CONTROVERTING STATEMENT OF FACTS**

1. Admit.

2. Admit.

3. Admit.

10900917.1

...

4. Though there may be some minor discrepancies as to the dates (which are immaterial to the Motion): admit that Mr. Mazno was employed as a Designer over roughly the time period in question.

5. Though there may be some minor discrepancies as to the dates (which are immaterial to the Motion): admit that Ms. Adams was employed by Engrained and Inspired as a Designer over roughly the time period in question.

6. Though there may be some minor discrepancies as to the dates (which are immaterial to the Motion): admit that Mr. Kimmerle was employed as a Designer over roughly the time period in question.

7. Though there may be some minor discrepancies as to the dates (which are immaterial to the Motion): admit that Ms. Kinsinger was employed as a Designer over roughly the time period in question.

8. Though there may be some minor discrepancies as to the dates (which are immaterial to the Motion): admit that Mr. Lee was employed as a Designer over roughly the time period in question.

9. Though there may be some minor discrepancies as to the dates (which are immaterial to the Motion): admit that Mr. Zimmerman was employed as a Designer over roughly the time period in question.

10. Though there may be some minor discrepancies as to the dates (which are immaterial to the Motion): admit that Ms. Cavasini-Pludowski was employed as a Designer over roughly the time period in question.

11. Though there may be some minor discrepancies as to the dates (which are immaterial to the Motion): admit that Ms. Thias was employed as a Designer over roughly the time period in question.

12. Admit.

13. Admit.

10900917.1

14. Admit that Engrained and Inspired implemented similar pay policies in the sense that employees were paid primarily on a commission basis. *See* Declaration of Tom Corkery, attached as Exhibit A, at ¶ 8.

15. Admit that Engrained and Inspired implemented similar pay policies in the sense that employees were paid primarily on a commission basis and that the plaintiffs generally performed similar work. Deny, however, that they all incurred "damages stemming from the same or similar violations of the FLSA." *See* Declaration of Tom Corkery, attached as Exhibit A, at ¶¶ 8 – 15.

16. Admit.

17. Admit.

18. Admit.

19. Deny. Most of the plaintiffs in question were paid on a commission basis, or primarily on a commission basis, but pay practices were not identical from employee-to-employee, and there are significant exceptions. Some employees, for example, were paid a draw during some portion of their employment, and other employees were paid an hourly rate for some portion of their employment. *See* Declaration of Tom Corkery, attached as Exhibit A, at ¶¶ 8 – 15.

20. Admit, generally. As noted above, pay practices were not identical from employee-to-employee, but by and large, employees were compensated on a commission basis. *See* Declaration of Tom Corkery, attached as Exhibit A, at ¶ 8.

21. Admit that Defendants paid wages and benefits and kept at least some records regarding the plaintiffs' employment. Deny, though, that the plaintiffs were hired to "work at its facilities," that Defendants "controlled their work schedules duties, protocols, applications, assignments and employment conditions." In fact, Designers controlled much of their own schedule and were able to work remotely. *See* Declaration of Tom Corkery, attached as Exhibit A, at ¶ 16.

22. Deny. *See* Declaration of Tom Corkery, attached as Exhibit A, at ¶ 7.

23. Deny. *See* Declaration of Tom Corkery, attached as Exhibit A, at ¶ 7.

3

10900917.1

24. Deny. *See* Declaration of Tom Corkery, attached as Exhibit A, at ¶ 11 – 14.

25. Deny. *See* Declaration of Tom Corkery, attached as Exhibit A, at ¶ 7.

26. Deny. *See* Declaration of Tom Corkery, attached as Exhibit A, at ¶ 7.

27. Deny. *See* Declaration of Tom Corkery, attached as Exhibit A, at ¶¶ 8 – 15.

28. Defendants object to this "fact," as it is not a fact at all. It is a legal argument that does not properly belong in a Statement of Facts. Regardless, Defendants deny. *See* Declaration of Tom Corkery, attached as Exhibit A, at ¶¶ 7 – 15.

29. Deny. *See* Declaration of Tom Corkery, attached as Exhibit A, at ¶ 16.

## SEPARATE STATEMENT OF FACTS[1]

30. Engrained sells and installs cabinets for use in kitchens, bathrooms, laundry rooms, closets, garages, and workshops. It also sells and installs countertops, drawers, shelves, and the attendant hardware for all of these. *See* Declaration of Tom Corkery, attached as Exhibit A, at ¶ 3.

31. Engrained's primary market for these products and services are homeowners, and Tom Corkery estimates that well over 75% of Engrained's sales are to individual homeowners. *See* Declaration of Tom Corkery, attached as Exhibit A, at ¶ 4.

32. None of Engrained's sales of goods or services are sales for resale; all are to an end-user, whether it's a homeowner or a business. *See* Declaration of Tom Corkery, attached as Exhibit A, at ¶ 4.

33. Inspired sells and installs storage solutions, predominantly for homeowners and often for closets, but also for pantries, home offices, murphy beds, entertainment centers, and other home organization solutions. *See* Declaration of Tom Corkery, attached as Exhibit A, at ¶ 5.

---

[1] For ease of reference, Defendants will continue the numbering of paragraphs for the "Separate Statement of Facts" to avoid confusion between references to the "Controverting Statement of Facts" and the "Separate Statement of Facts."

4

10900917.1

34. Inspired's primary market for these products and services are homeowners, and Tom Corkery estimates that well over 75% of Inspired's sales are to individual homeowners. *See* Declaration of Tom Corkery, attached as Exhibit A, at ¶ 6.

35. None of Inspired's sales of goods or services are sales for resale; all are to an end-user, whether it's a homeowner or a business. *See* Declaration of Tom Corkery, attached as Exhibit A, at ¶ 6.

36. Designers at Engrained and Inspired were not paid in an identical fashion; some employees were paid a draw, and some were not, and some employees were paid an hourly rate, and some were not, though all were paid, at least in part, on a commission-basis. *See* Declaration of Tom Corkery, attached as Exhibit A, at ¶ 8.

37. Mr. Manzo received a draw early in his employment to ensure that he would make enough money to satisfy any wage concerns. *See* Declaration of Tom Corkery, attached as Exhibit A, at ¶ 9.

38. Mr. Manzo was paid every month of his employment. Moreover, given the federal minimum wage under the FLSA is $7.25 an hour, and given that 1.5 times that amount is $10.875, Defendants estimate that Mr. Manzo was paid at least $10.875 per hour every month of his employment, with the possible exceptions of May 2020 and February 2021. *See* Declaration of Tom Corkery, attached as Exhibit A, at ¶ 11.

39. Ms. Cavasini-Pludowski was paid at least $10.875 per hour every month of her employment from from October 2021 onward – it is not possible, given the amount of money that she made in commissions, for her rate of pay to be lower than that. *See* Declaration of Tom Corkery, attached as Exhibit A, at ¶ 12.

40. Ms. Adams was paid at least $10.875 per hour while working for Inspired. *See* Declaration of Tom Corkery, attached as Exhibit A, at ¶ 14.

41. Designers for both Inspired and Engrained were permitted to work from home and largely did so, and there was no requirement to be working "all hours the building was open." *See* Declaration of Tom Corkery, attached as Exhibit A, at ¶ 16.

10900917.1

DATED this 13th day of October, 2023.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/David C. Potts
David C. Potts
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Defendants Engrained Cabinetry and Countertops, LLC, Inspired Closets of Arizona, LLC, and Thomas Corkery

6

10900917.1