Josh Sanford (Ark. Bar No. 2001037)
Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
(501) 221-0088
josh@sanfordlawfirm.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PRESCOTT DIVISION

| | |
|---|---|
| Tony Manzo, Suzanne Adams, Brian Kimmerle, Judy Kinsinger, Matthew Lee, Seth Zimmerman, Nicole Cavasini-Pludowski and Nancy Thias, Each Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>Engrained Cabinetry and Countertops, LLC, Inspired Closets of Arizona, LLC, and Thomas Corkery,<br><br>Defendants. | No. 3:22-cv-8081-PCT-JJT<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

By failing to counter Plaintiffs claim that they do not meet the requirements of the Professional Exemption to the FLSA in their Response (ECF No. 60), Defendants have conceded that Plaintiffs were not properly classified as professionally exempt employees: Plaintiffs' request for summary judgment as to the application of the professional exemption should be granted. Further, because Defendants have failed to

provide evidence sufficient to raise a genuine issue of fact regarding the application of the Retail Sales Commission Exemption, Plaintiffs' request for summary judgment should be granted in its entirety.

### A. Defendants are not a retail establishment.

Defendants' Response does not refute Plaintiffs' showing that Defendants do not meet the regulatory definition of a "retail establishment" such that the Retail Sales Commission may apply to Plaintiffs' employment. Defendants cite 29 C.F.R. § 779.318 for the proposition that commercial goods sold via a showroom may at times qualify as "consumer goods." However, § 779.335 provides some clarifying statements for this assertion: "a sale of building materials to a building contractor or builder" is considered a "sale for resale," and therefore does not qualify as a sale under the retail establishment exemption, unless it us used "in residential or farm building, repair or maintenance."

Thus, for Defendants to qualify as a retail establishment, no more than 25% of their sales can be to commercial developers or builders. Defendants' self-serving and wholly conclusory declaration filed in support of its Response merely "estimates" that 75% of sales are to homeowners, and that "[e]verything [Defendants] sell is to an end-user, whether it's a homeowner *or a business*." Decl. of Tom Corkery ("Decl. Corkery") ¶ 4, 6, ECF No. 61 (emphasis added). While Defendants may have established that sales to individuals qualify as retail sales, there is no indication that the sales to builders or developers qualify as "bona fide retail sales" under § 779.335. *See Bowman v. Builder's Cabinet Supply Co.*, No. 04-201-DLB, 2006 U.S. Dist. LEXIS 62712, at *23 (E.D. Ky.

Aug. 23, 2006). Because it is undisputed that Defendants must carry the burden of proof on this issue, including the 25% threshold, this Court must enter summary judgment against Defendants on this point.

### B. Plaintiffs did not earn 1.5 times minimum wage.

Defendants' chief complaint regarding Plaintiffs' Motion for Partial Summary Judgment is that Plaintiffs rely on the declarations they filed in support of their request for conditional certification to support the Motion. However, in their own self-serving declaration, Defendants admit that Plaintiffs did not always receive 1.5 times their regular rate of pay. Decl. Corkery ¶ 11 (admitting Plaintiff Manzo was not paid 1.5 times minimum wage during a few months of his employment); ¶ 12 (admitting Plaintiff Pludowski may have earned less than 1.5 times minimum wage between March and October of 2021).

Defendants' Response, and the declaration they filed in support, are both exercises is semantical gymnastics designed to obfuscate and misdirect away from the legal basis for Plaintiffs' claims. For example, Defendant Corkery claims to "not know" why Plaintiffs would claim they were paid by commission exclusively when, according to Defendant Corkery, they were paid "on an hourly basis" at the beginning of their employment. Decl. Corkery ¶ 13, 15. In fact, many Plaintiffs were not paid an hourly rate, they were paid a draw to cover their income before their sales came through, which they were required to pay back to Defendants once they started receiving commissions. *See* Second Decl. of Tony Manzo ("Decl. Manzo") ¶ 5, attached as Ex. 1; Decl. of

Wayne Johnson ("Decl. Johnson") ¶ 5, attached as Ex. 5; Decl. of Brian Kimmerle ("Decl. Kimmerle") ¶ 5, attached as Ex. 6; Decl. of Michael Toscanini ("Decl. Tosconani"), attached as Ex. 9; Decl. of Parker Wheeldon ("Decl. Wheeldon") ¶ 5, attached as Ex. 10. As another example, to qualify for the Retail Sales Commission, Plaintiffs' regular rates must exceed 1.5 times the federal minimum wage *per week* of employment with Defendants. 29 C.F.R. § 779.419. Defendants' claims that Plaintiffs received more than 1.5 times minimum wage *per month* is therefore utterly useless and irrelevant. *See* Decl. Corkery ¶ 11–14.

Accordingly, Defendants' pay records prove there were weeks when Plaintiffs Manzo, Cavasini-Pludowski, and Adams received less than 1.5 times minimum wage even assuming they only worked 40 hours per week. *See generally*, Exs. to Decl. Cockery. According to Defendants' records, Plaintiff Manzo earned $378.63 during the week of January 30, 2020, or $9.47 per hour assuming a 40-hour week. Ex. 1 to Decl. Corkery. Plaintiff Manzo earned $260.98 during the week of July 6, 2020, or $6.52 per hour assuming a 40-hour week. *Id*. Plaintiff Cavasini-Pludowski earned only $43.50 during the week of July 25, 2019, and only $90.65 during the week of August 29, 2019, or $1.09 per hour and $2.27 per hour respectively assuming a 40-hour week. Ex. 2 to Decl. Corkery. Plaintiff Adams apparently only earned $128.27 during the week of October 7, 2021, or $3.21 per hour assuming a 40-hour week. Ex. 3 to Decl. Corkery.

The Retail Sales Commission Exemption does not apply to any Plaintiff during the weeks in which they received less than 1.5 times minimum wage, and Defendants

Response definitively proves that there are weeks in which the exemption does not apply to Plaintiffs, even assuming they only worked 40-hour weeks. 29 C.F.R. § 779.419. But Plaintiffs did not work 40-hour weeks.[1] The design work alone that Plaintiffs performed for Defendants took over 40 hours per week, and Defendants required Plaintiffs to man their showrooms on top of this design work. Decl. Manzo ¶ 6–11; Second Decl. of Suzanne Adams ("Decl. Adams") ¶ 6–11, attached as Ex. 2; Second Decl. of Nicole Casavini-Pludowski ("Decl. Casavini-Pludowski") ¶ 6–11, attached as Ex. 4; Decl. Johnson ¶ 6–11; Decl. Kimmerle ¶ 6–11; Decl. of Judy Kinsinger ("Decl. Kinsinger") ¶ 6–11, attached as Ex. 7; Decl. of David Priser ("Decl. Priser") ¶ 6–11, attached as Ex. 8; Decl. Toscanini ¶ 6–11; Decl. Wheeldon ¶ 6–11; Decl. of Seth Zimmerman ("Decl. Zimmerman") ¶ 6–11, attached as Ex. 12. Even the Plaintiffs who did not regularly work in Defendants' showrooms did not receive 1.5 times minimum wage per hour because Plaintiffs rarely received their full commissions due to Defendants' policies of requiring payback of a commission draw and deducting the cost of errors from any commission received. Decl. Manzo ¶ 12; Decl. Adams ¶ 12; Decl. of Nasrin Anwary ("Decl.

---

[1] Admittedly, Plaintiffs' declarations filed in support of their Motion for Conditional Certification are light on the details of their hours worked. This is because the declarations were filed for the purpose of showing they were similarly situated, not for proving hours worked. Plaintiffs contend that these declarations establish that no genuine issue of fact exists as to whether Plaintiffs were subject to the Retail Sales Commission Exemption because the declarations show that Plaintiffs worked more than 40 hours per week, which coupled with Defendants' pay records show that they did not receive 1.5 times minimum wage per week of employment. However, Plaintiffs have provided additional declarations providing more information regarding the duties performed and the frequency with which they were required to work more than 40 hours per week while working for Defendants.

Anwary") ¶ 11, attached as Ex. 3; Decl. Casavini-Pludowski ¶ 12; Decl. Johnson ¶ 12; Decl. Kimmerle ¶ 12; Decl. Kinsinger ¶ 12; Decl. Priser ¶ 12; Decl. Toscanini ¶ 12; Decl. Wheeldon ¶ 12; Decl. of Diana Wood ("Decl. Wood") ¶ 11, attached as Ex. 11; Decl. Zimmerman ¶ 12.

Because this case is proceeding as a collective, it may be inferred that there are weeks in which the Retail Sales Commission Exemption does not apply to all Plaintiffs, and it is unnecessary at this point in the litigation for Plaintiffs to provide exact numbers of hours worked to establish that the exemption is not applicable. It is well-settled law that the burden of keeping accurate employment records is on the employer rather than the employee. *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686–88 (1946). As demonstrated in Defendants' Response, the pay records show that Plaintiffs did not receive 1.5 times minimum wage even assuming that Plaintiffs worked 40-hour workweeks. Plaintiffs evidence provides that they regularly worked more than 40 hours and rarely received a full commission, meaning they earned less than 1.5 times minimum wage in most weeks.

### C. Conclusion

Because Defendants do not dispute that the Professional Exemption is inapplicable to Plaintiffs' employment, and because Defendants have not shown that reasonable minds could disagree on the application of the Retail Sales Commission Exemption, Plaintiffs' Motion for Partial Summary Judgment should be granted.

DATED this 25th day of October, 2023.

SANFORD LAW FIRM, PLLC

By: */s/ Josh Sanford*
Josh Sanford
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
(501) 221-0088

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I, Josh Sanford, hereby certify that on the date imprinted by the CM/ECF system, a true and correct copy of the foregoing was electronically filed via the CM/ECF system, which will provide notice to the following attorneys of record:

David C. Potts, Esq.
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1708
Facsimile: (602) 200-7829
dpotts@jshfirm.com

*/s/ Josh Sanford*
**Josh Sanford**