**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tony Manzo, *et al.*, | No. CV-22-08081-PCT-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Engrained Cabinetry and Countertops LLC, *et al.*, | |
| Defendants. | |

Plaintiffs brought this case against Defendants Engrained Cabinetry and Countertops, LLC ("ECC"), Inspired Closets of Arizona, LLC ("ICA"), and Thomas Corkery (collectively, "Defendants") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and A.R.S. § 23-363 for violating minimum wage and overtime provisions. Plaintiffs have filed a Motion for Partial Summary Judgment (Doc. 52, "Mot."), to which Defendants have filed a Response (Doc. 60, "Resp.") and Plaintiffs have filed a Reply.[1] (Doc. 62, "Reply.") For the following reasons, the Court grants Plaintiffs' Motion for Partial Summary Judgment.

**I.   BACKGROUND**

Plaintiffs are former employees of ECC and ICA, for both of which Corkery is a principal, director, officer, and/or owner.[2] ECC and ICA are primarily in the business of

---

[1] The issues have been fully briefed, and oral argument will not aid in the Court's decision. *See* Fed. R. Civ. P. 78(b) (permitting resolution of motions without oral hearings); LRCiv 7.2(f) (same).

[2] On November 10, 2022, the Court granted the Parties' Joint Stipulation for Conditional Certification and Notice to Class Members (Doc. 42), conditionally certifying

selling and installing cabinets, countertops, and storage. To this end, Plaintiffs' job responsibilities consisted of designing and selling those items during various times between 2013 and 2022.[3] (Doc. 53, Plaintiffs' Statement of Material Facts ("PSOF") ¶ 13.) ECC and ICA sell their goods and services primarily to homeowners, but their customers also include other businesses. (Doc. 61, Defendants' Controverting Statement of Facts and Separate Statement of Facts ("DSOF") ¶¶ 30–35.)

The parties dispute the specific pay arrangement utilized for each Plaintiff but, by and large, Defendants paid Plaintiffs primarily on a commission basis. (DSOF ¶ 13.) Certain Plaintiffs received a draw at the beginning of their employment, which they were required to pay back over time, but other Plaintiffs received no such draw. (Doc. 61-1, Ex. 1–3.) Plaintiffs were permitted to work from home, but Defendants have not produced any evidence reflecting the number of hours their employees worked in any given workweek, either in the office or at home. (Doc. 61-1, Corkery Decl. ¶ 16.)

Plaintiffs filed their operative Complaint on August 22, 2022, alleging Defendants violated the minimum wage and overtime provisions of the FLSA and Arizona law. (Doc. 30, "FAC.") As relevant here, Defendants alleged in their Answer the affirmative defense that Plaintiffs are exempt employees under the "retail or services establishment" exemption to FLSA established by 29 U.S.C. § 207(i). (Doc. 41., "Answ.") With the instant Motion, Plaintiffs seek partial summary judgment on the inapplicability of the "retail or services establishment" exemption.[4]

---

the following collective: All employees paid on a commission basis responsible for designing cabinetry as part of their job duties on or after May 5, 2019. (Doc. 43.)

[3] The dates during which the Plaintiffs worked for ECC and ICA vary, but any discrepancies in the dates are immaterial to the Motion. (DSOF ¶¶ 4–11.)

[4] Defendants also alleged in their Answer the affirmative defense that Plaintiffs are exempt employees under the professional exemption to the FLSA established by 29 U.S.C. § 213(a)(1). (Answ.) The instant Motion seeks partial summary judgment on the inapplicability of the professional exemption, too. Because Defendants concede in their Response that the professional exemption does not apply, the Court grants Plaintiffs' Motion with respect to that exemption. (Resp. at 1, 6.)

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to prevail as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "A fact is 'material' only if it might affect the outcome of the case, and a dispute is 'genuine' only if a reasonable trier of fact could resolve the issue in the non-movant's favor." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 232. When the moving party does not bear the ultimate burden of proof, it "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party carries this initial burden, the nonmoving party must produce evidence to support its claim or defense. *Id.* at 1103. Summary judgment is appropriate against a party that "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

In considering a motion for summary judgment, the court must regard as true the nonmoving party's evidence, as long as it is supported by affidavits or other evidentiary material. *Anderson*, 477 U.S. at 255. However, the nonmoving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact. *Id.* at 256–57

1  (holding that the plaintiff must present affirmative evidence in order to defeat a properly
2  supported motion for summary judgment); *see also Taylor v. List*, 880 F.2d 1040, 1045
3  (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on
4  conclusory allegations unsupported by factual data." (citation omitted)). And, for a genuine
5  issue of material fact to arise, the nonmoving party may need to present more than "a
6  self-serving declaration that states only conclusions." *Nigro v. Sears, Roebuck and Co.*,
7  784 F.3d 495, 497 (9th Cir. 2015).

## III.  ANALYSIS

The FLSA has two major wage provisions. It requires employers to pay (1) an hourly minimum wage that is set by statute and calculated according to the number of hours worked in a week, and (2) overtime wages at a rate of 1.5 times an employee's hourly wage for every hour worked over 40 hours in a week. *See* 29 U.S.C. § 206(a)(1) (minimum wage); 29 U.S.C. § 207(a)(1) (overtime); *see also Probert v. Fam. Centered Servs. of Alaska, Inc.*, 651 F.3d 1007, 1009–10 (9th Cir. 2011).

The FLSA also contains a litany of exemptions to the minimum wage and overtime provisions, all of which carry a burden that is the defendant's to establish. *Klem v. Cty. of Santa Clara*, 208 F.3d 1085, 1089 (9th Cir. 2000). At issue here is the "retail or service establishment" exemption under 29 U.S.C. § 207(i). For Plaintiffs to qualify for the "retail or service establishment" exemption, Defendants must demonstrate that (1) ECC and ICA are retail or service establishments, (2) Plaintiffs' regular rate of pay exceeded 1.5 times the statutorily defined minimum, and (3) more than half of Plaintiffs' compensation derives from commissions. 29 U.S.C. § 207(i).

Because the FLSA does not define "retail or service establishment," the parties direct the Court to the Code of Federal Regulations ("Regulations") for guidance. The Regulations provide that, for an establishment to be a "retail or service establishment," (1) it must engage in the making of goods or services, (2) 75% of its sales must be recognized as retail in the particular industry, and (3) not over 25% of its sales may be sales for resale. 29 CFR § 779.313.

Plaintiffs make two primary arguments in their Motion. First, Plaintiffs argue that ECC and ICA are not "retail or service establishments" as defined by the Regulations. Second, Plaintiffs argue that Defendants have not produced sufficient evidence to create a genuine dispute regarding whether Plaintiffs' regular rate of pay exceeded 1.5 times the statutorily defined minimum. Defendants counter that the burden is instead on Plaintiffs to first present evidence that the "retail or service establishment" exemption does not apply.

In support of their argument, Defendants provide a Declaration by Tom Corkery, co-owner of ECC and ICA. (Corkery Decl. ¶ 2.) In his Declaration, Corkery notes that the primary market for ECC and ICA is individual homeowners, "estimat[ing]" that well over 75% of sales for both companies are to homeowners. (Corkery Decl. ¶¶ 4, 6.) He also asserts that none of ECC or ICA's sales are sales for resale. (Corkery Decl. ¶¶ 4, 6.) Besides the statements in Corkery's Declaration, Defendants provide no other evidence supporting their contention that ECC and ICA are "retail or service establishments."

Regarding Plaintiffs' regular rate of pay, Corkery states in his Declaration that he is "confident" that three of the Plaintiffs—Tony Manzo, Nicole Cavasini-Pludowski, and Suzanne Adams—were paid "at least $10.875 per hour" each month of their employment. (Corkery Decl. ¶¶ 11–15.) These assertions, however, amount to no more than self-serving conclusory statements that those Plaintiffs were paid at least 1.5 times the federal minimum wage. And despite his confidence, Corkery acknowledges that he is unaware of exactly how many hours Plaintiffs worked each month. (Corkery Decl. ¶¶ 12, 14.) He attached as exhibits tables that purportedly display commissions and draws received by Manzo, Cavasini-Pludowski, and Adams during their employment, but the tables conspicuously lack any data about hours worked. (Doc. 61-1, Ex. 1–3.)

Based on this record, the Court finds that Defendants have failed to meet their burden of producing sufficient evidence to establish a genuine dispute as to a material fact on which they bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322. This is so both regarding whether ECC and ICA are "retail or service establishments" and whether Plaintiffs' regular rate of pay exceeded 1.5 times the federal minimum wage.

Under the Regulations, at least 75% of ECC and ICA's sales must be recognized as retail in the particular industry and less than 25% of their sales may be sales for resale. 29 CFR § 779.313. The Court assumes that all sales to individual homeowners do indeed constitute retail sales,5 but the conclusory statements in the Corkery Declaration fail to satisfy the Regulation's per se requirements about retail sales and sales for resale. Corkery averred that none of ECC or ICA's sales are for resale but, as Plaintiffs point out in their Reply, that is a legal conclusion that depends upon whether a "sale is recognized as a bona fide retail sale in the industry." 29 CFR § 779.335. Perhaps Defendants could have produced additional evidence to establish that ECC and ICA's sales to other businesses properly fall outside the scope of sales for resale, but the record lacks that evidence. Because Defendants have "failed to make a sufficient showing on an essential element of [their] case," Plaintiffs are entitled to judgment as a matter of law. Celotex, 477 U.S. at 323.

Defendants have also fallen short of identifying a triable issue regarding whether Plaintiffs' regular rate of pay exceeded 1.5 times the statutory minimum. Defendants do not solely rely on Corkery's conclusory statements in his Declaration, as they also provide commission tables for Manzo, Cavasini-Pludowski, and Adams. Those tables, however, shed no light on weekly hours worked, and "regular rate refers to the hourly rate actually paid the employee for the normal, non-overtime workweek for which he is employed." Walling v. Youngerman-Reynolds Hardwood Co., 325 U.S. 419, 424 (1945). Without any evidence on this essential element of establishing the "retail or service establishment" exemption, no reasonable jury could find for Defendants. See Anderson, 477 U.S. at 255–56.

Defendants contend that Plaintiffs must affirmatively present evidence of some kind to meet their evidentiary burden. (Resp. at 4–5.) This is a misstatement of the law. Plaintiffs must merely identify "the absence of a genuine issue of material fact" to the Court, a task

---

[5] Plaintiffs argue that ECC and ICA categorically lack a retail concept, placing the two businesses outside the scope of the "retail or service establishment" exemption under the first prong of 29 CFR § 779.313. The Court need not address this argument because the Motion can be adequately resolved in Plaintiffs' favor without doing so. For purposes of resolving the Motion, the Court assumes that ECC and ICA engage in the making of goods or services.

that they have accomplished here. *Celotex*, 477 U.S. at 232. To be sure, the burden of proving the underlying FLSA claims at trial falls on Plaintiffs. *Brock v. Seto*, 790 F.2d 1446, 1447–48 (9th Cir. 1986). But that is a matter for another day. Here the burden of production was Defendants', and Defendants have not met that burden.

**IT IS THEREFORE ORDERED** granting Plaintiff's Motion for Partial Summary Judgment. (Doc. 52.)

Dated this 23rd day of February, 2024.

Honorable John J. Tuchi
United States District Judge