## COLLECTIVE ACTION SETTLEMENT AGREEMENT AND RELEASE

Subject to the approval of the Court and pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), this Collective Action Settlement Agreement and Release ("Settlement Agreement"), including the attached Exhibits, is entered into between: (a) Named Plaintiffs Tony Manzo; Suzanne Adams; Brian Kimmerle; Judy Kinsinger; Matthew Lee; Seth Zimmerman; Nicole Cavasini-Pludowski; and Nancy Thias (referred to in the Settlement Agreement as "Collective Representatives," "Named Plaintiffs," or "Plaintiffs"), on behalf of themselves and on behalf of each of the Collective Members; and (b) Engrained Cabinetry and Countertops, LLC; Inspired Closets of Arizona, LLC; and Thomas Corkery ("Defendants"). As provided below, the Parties hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Settlement Agreement and upon the Effective Date, these Actions shall be settled and compromised upon the terms and conditions set forth in this Settlement Agreement. This Settlement Agreement is intended by the Parties to fully and finally compromise, resolve, discharge, release, and settle the Released Claims and to dismiss this Action, subject to the Court's approval and to the terms and conditions set forth below, and without any admission or concession as to the merits of any claim or defense by any of the Parties.

The Parties will seek to resolve this Action under the FLSA using a one-step approval process. If the Court approves the one-step process as provided herein, Settlement Collective members will be issued individual payments. Settlement Collective members shall not be required to submit a claim form to participate in this settlement. All Settlement Collective members will be bound by the Court's Judgment regardless of whether they cash or deposit their individual payments.

**1.     Definitions**

1.1    Action: means the lawsuit, *Tony Manzo, et al. v. Engrained Cabinetry and Countertops, LLC*, Case No. 3:22-cv-8081-PCT-JJT in United States District Court for the District of Arizona.

1.2    Agreement or Settlement Agreement: means this Collective Action Settlement Agreement and Release, including all Exhibits attached hereto.

1.3    Attorneys' Fees and Costs: means such funds as may be awarded by the Court to Plaintiffs' Counsel to compensate them for their fees and costs in connection with the Action in the amount of $78,789.68, as described more fully below.

1.4    Plaintiffs' Counsel: means Josh Sanford of Sanford Law Firm, PLLC.

1.5    Collective Member: means the 14 individuals who submitted Consent to Join Forms and joined this action and who are current or former Designers employed by either Engrained Cabinetry and Countertops, LLC, Inspired Closets of Arizona, LLC, or both during the Covered Period. The Collective Members shall be collectively referred to as the "Settlement Collective."

1.6 <u>Collective Representatives or Named Plaintiffs:</u> means Tony Manzo; Suzanne Adams; Brian Kimmerle; Judy Kinsinger; Matthew Lee; Seth Zimmerman; Nicole Cavasini-Pludowski; and Nancy Thias.

1.7 <u>Court:</u> means the United States District Court for the District of Arizona.

1.8 <u>Covered Period:</u> means from May 5, 2019 to August 22, 2022.

1.9 <u>Defendants:</u> means the Defendants in this lawsuit, Engrained Cabinetry and Countertops, LLC; Inspired Closets of Arizona, LLC; and Thomas Corkery.

1.10 <u>Defense Counsel:</u> means David C. Potts of Jones, Skelton & Hochuli, PLC.

1.11 <u>Effective Date:</u> shall be the first day after the first date on which all of the following have occurred:

    1.11.1 Plaintiffs and Defendants' duly authorized representatives have executed this Agreement;

    1.11.2 The Court has entered an order granting final approval of the settlement that is the same in all material respects as that set forth in this Agreement.

1.12 <u>Final Approval Order and Judgment or Final Approval:</u> means the final order to be entered by the Court that grants final approval of the settlement and enters judgment dismissing the Action with prejudice and that: (i) conforms to this Settlement Agreement; (ii) approves the settlement and the Settlement Agreement as fair, adequate, and reasonable; and (iii) issues such other determinations as the Court or the Parties deem necessary and appropriate in order to approve the settlement and implement the Settlement Agreement

1.13 <u>Party or Parties:</u> means the Named Plaintiffs, Collective Members, and/or Defendants.

1.15 <u>Released Claims:</u> mean any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were alleged or that reasonably arise out of the acts alleged in the Action, which includes all claims for overtime or minimum wages, and including associated liquidated damages, interest, and penalty claims that were asserted or could have been asserted in this lawsuit under state or federal law. The Released Claims include all claims for overtime under the FLSA and related claims under state minimum wage laws, state wage payment and collection laws, state overtime statutes, state common law and unjust enrichment, and pursuant to wage contract claims Collective Members do not release any claim wholly unrelated to the wage and hour subject matter, specifically including those covered by workers' compensation, unemployment compensation or discrimination law, or any other claims that cannot be released by law.

1.16 <u>Releasees:</u> means Engrained Cabinetry and Countertops, LLC; Inspired Closets of Arizona, LLC; and Thomas Corkery and any and all current and former parents, subsidiaries, related companies or entities, partnerships, joint ventures, or other affiliates, and, with respect to each of them, all of their predecessors and successors, benefits plans and programs, insurers, contractors, subcontractors, successors, and assigns, and, with respect to each such entity, any and

all of its past, present, and future employees, trustees, officers, directors, stockholders, owners, representatives, assigns, attorneys, administrators, fiduciaries, agents, insurers, trustees, and any other persons acting by, though, under, or in concert with any of these persons or entities and their successors and assigns.

1.17    Settlement Payment: means the total of One Hundred and Ninety Five Thousand Dollars ($195,000.00) to be paid by Defendants to Collective Members and Plaintiffs' Counsel no later than thirty (30) days after the Effective Date.

## 2. Jurisdiction

2.1    The Court has jurisdiction over the Parties and the subject matter of this Action.

2.2    If the Settlement Agreement is fully and finally approved, the Court will dismiss the Action with prejudice.

2.3    The Parties stipulate that, for settlement purposes only, the Settlement Collective satisfies the requirements of Section 216(b) of the FLSA, and therefore approval of this Settlement Agreement is appropriate. In so stipulating, Defendant does not waive or abandon any arguments it may have that decertification of the FLSA collective action is proper. Defendants' consent to conditional certification for settlement purposes only is in no way an admission that Section 216(b) certification would be proper absent a settlement.

2.4    Failure to obtain Final Approval of this Settlement Agreement in the same or substantially similar formats proposed to the Court, including, but not limited to, any failure as a result of any appeal of the Court's Final Approval Order and Judgment, will cause this Settlement Agreement to be void and unenforceable and to have no further force and effect.

## 3. Statement of No Admission

3.1    Defendants deny liability upon any claim or cause of action presented or alleged or that could have been presented or alleged in the Action, and Defendants deny that the Collective Members are entitled to relief of any kind in this Action.

3.2    This Settlement Agreement does not constitute an admission by Defendants as to the merits, validity, or accuracy of the allegations or claims made against it in the Action and may not be construed as or deemed an admission of liability, culpability, negligence, willfulness, or wrongdoing on the part of Defendants.

3.3    Nothing in this Settlement Agreement is intended by the Parties or may be used by anyone for any purpose inconsistent with this Settlement Agreement, or may be introduced in any way as evidence, to show or establish any misconduct, or improper practices, plans, or policies, or any violation of any federal, state, or local law, statute, ordinance, regulation, rule, or executive order, or any obligation or duty at law or in equity. Notwithstanding the foregoing, this Settlement Agreement may be used in any proceeding in this Court that has as its purpose the enforcement of the Settlement Agreement.

## 4. Claims of the Plaintiffs and Benefits of Settlement

4.1     Plaintiffs believe that the claims asserted in the Action have merit and that the evidence supports their claims. However, the Parties recognize and acknowledge the expense, complexities, and length of continued proceedings necessary to prosecute the Action through trial and through appeals, along with the uncertain nature of certain damages and affirmative defenses.

4.2     The Parties have considered the uncertain outcome and the risk of this Action, especially the multi-party, collective, and proposed class action components of this Action, as well as the difficulties, delays, and risks of collection inherent in litigation.

4.3     Plaintiffs and Plaintiffs' Counsel believe that the Settlement Agreement confers substantial benefits upon Plaintiffs and the Collective Members and is fair, reasonable, adequate, and in the best interests of Plaintiffs and the Settlement Collective Members.

## 5.     Waiver, Release, and Dismissal

5.1     Upon the Effective Date, all Settlement Collective Members will be bound by the terms and conditions of this Settlement Agreement.

5.2     Upon the Effective Date, each Collective Member, on behalf of themselves and their respective agents, representatives, executors, estates, heirs, administrators, attorneys, insurers, successors and assigns shall be deemed to have forever released and discharged the Releasees from any and all Released Claims, shall covenant not to sue the Releasees with respect to any Released Claims, and will be permanently and forever barred from suing or otherwise asserting any Released Claim against any of the Releasees.

5.3     In exchange for this release of claims by the Collective Members, Defendants will deliver the checks comprising the Settlement Payment to the Sanford Law Firm at 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas, within thirty (30) days after the Effective Date. At its discretion, Defendants may make the Settlement Payment sooner.

5.4     Notwithstanding any other provision of this Settlement Agreement, nothing in this Settlement Agreement is intended to restrict any Collective Member from contacting, assisting, or cooperating with any government agency; provided, however, that no Collective Member shall seek or accept damages, reinstatement, or similar personal relief as to any Released Claim.

5.5     Plaintiffs represent and warrant that they have not sold, assigned, pledged, or otherwise transferred any Released Claims.

5.6     It is agreed that because the Settlement Collective members are so numerous, it is impractical to have each Settlement Collective member execute this Agreement. Plaintiffs' Counsel represent that in the Consent to Sue forms signed by the Settlement Collective members, each Opt-In Plaintiff consented to be represented by Named Plaintiffs and Plaintiffs' Counsel and delegated authority to the Named Plaintiffs and Plaintiffs' Counsel to agree to a settlement on their behalf. Pursuant to this authority, Named Plaintiffs and Plaintiffs' Counsel's signatures below are made on behalf of each Opt-In Plaintiff, and this Settlement Agreement shall have the same force and effect as if this Agreement were executed by each Opt-In Plaintiff. Plaintiffs' Counsel warrant and represent they are expressly authorized by the Opt-in Plaintiffs whom they represent to negotiate this Agreement and to take all appropriate action required or permitted to be taken

pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. Plaintiffs' Counsel further represent that through the date they execute this Agreement, they do not represent any current or former employees of Defendants who would not be covered by this Agreement.

6. **Settlement Payments to Collective Members**

6.1   Settlement Collective members' payments will be made in accordance with the schedule provided in **Exhibit A**, listing each individual Collective Member's alleged unpaid wages and liquidated damages. Defendants shall cut two checks for each Settlement Collective member as described below.

6.2   For income and payroll tax purposes, the Parties agree that fifty percent (50%) of each Collective Member's individual payment shall be allocated as wages (which shall be subject to legally required withholdings and deductions and reported as wage income on a Form W-2 in the year of payment), and the remaining fifty percent (50%) of each payment shall be allocated as non-wages (which shall not be subject to withholdings and deductions and shall be reported as non-wage income on a Form 1099 in the year of payment). Defendants shall be separately responsible for payment of the employer's share of applicable payroll taxes on the wage portion of the payments to Settlement Collective members.

6.3   Collective Members shall have one hundred twenty (120) calendar days after the date of mailing to cash their settlement checks. If a Collective Member's check is lost, destroyed, or otherwise unusable, the payee may notify Defendants, through counsel, within 90 days of the date of payment and Defendants will, upon verification that the original check has not been negotiated, issue a replacement. The payee shall have 60 days from the date of reissuance to negotiate the replacement check. Collective Members who do not negotiate their checks within 120 days of mailing, or, where applicable, within 60 days of reissuance, will be deemed to have waived irrevocably any right in or claim to a settlement share, but this Agreement nevertheless will be binding upon them.

7. **Attorneys' Fees and Costs**

7.1   The total attorneys' fees and reasonable litigation costs shall be $78,789.68. Defendants will not oppose Plaintiffs' Counsel's request for Court approval of a fees and litigation costs award in this amount. This Agreement is not contingent upon the Court's approval of Plaintiffs' Counsel's fees, costs and expenses, and any amounts that are not approved for fees and litigation costs shall become part of the Settlement Payment. The Parties agree that the Settlement Payment includes the attorneys' fees and costs incurred by Plaintiffs' Counsel as a result of this action and agree that these fees are reasonable and appropriate. Plaintiffs' Counsel's attorneys' fees and costs will be reported on a Form 1099 to Sanford Law Firm, PLLC.

8. **Miscellaneous Provisions**

8.1   The Parties agree to take all steps as may be reasonably necessary to secure approval of the Settlement Agreement, to the extent not inconsistent with its terms, and will not take any action adverse to each other in obtaining Court approval, and, if necessary, appellate approval of the Settlement Agreement in all respects.

8.2     Plaintiffs and Defendants' signatories hereby represent that they are fully authorized to enter this Settlement Agreement and bind the Parties hereto to the terms and conditions hereof.

8.3     The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including, but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Settlement Agreement. The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to implement and support this Settlement Agreement and the terms and conditions set forth herein.

8.4     Plaintiffs' Counsel will use their best efforts for, will cooperate with Defense Counsel on, and will exercise good faith in obtaining the most participation possible in the settlement and to otherwise implement and support this Settlement Agreement and the terms and conditions set forth herein.

8.5     As soon as practicable after execution of this Settlement Agreement, Plaintiffs' Counsel shall, with the assistance and cooperation of Defendants and Defense Counsel, take all necessary steps to secure the Court's final approval of this Settlement Agreement.

8.6     The Parties agree to a stay of all proceedings in the Action(s), except such proceedings as may be necessary to complete and implement the Settlement Agreement, pending Final Court Approval of the Settlement Agreement.

8.7     This Settlement Agreement shall be interpreted and enforced under federal law and under the laws of the State of Arizona without regard to its conflicts of law provisions.

8.8     Defendants will not communicate with Collective Members about the settlement, except to direct questions to Plaintiffs' Counsel.

8.9     Upon stipulation or with Court approval, the Parties may alter the above dates or time periods.

8.10    All the Parties acknowledge that they have been represented by competent, experienced counsel throughout all arms-length negotiations which preceded the execution of this Settlement Agreement and that this Settlement Agreement is made with advice of counsel who have jointly prepared this Settlement Agreement.

8.11    The Parties to this Settlement Agreement participated jointly in its negotiation and preparation. Accordingly, it is agreed that no rule of construction will apply against any Party or in favor of any Party, and any uncertainty or ambiguity will not be interpreted against one Party and in favor of the other.

8.12    The terms and conditions of this Settlement Agreement constitute the exclusive and final understanding and expression of all agreements between the Parties with respect to the resolution of the Action. Named Plaintiffs, on their own behalf and on behalf of the Settlement Collective they represent, and Defendants accept entry of this Settlement Agreement based solely on its terms, and not in reliance upon any representations or promises other than those contained

in this Settlement Agreement. This Settlement Agreement may be modified only by writing and signed by the original Named Plaintiffs and by a duly authorized representative of Defendants and approved by the Court.

      8.13    This Settlement Agreement and the attachments hereto contain the entire agreement between the Parties relating to the Settlement Agreement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or a party's legal counsel, are merged in this Settlement Agreement. No rights may be waived except in writing. Notwithstanding the foregoing, however, nothing in this Settlement Agreement shall otherwise affect or alter the rights and obligations of the Parties or Settlement Collective Members.

      8.14    This Settlement Agreement may be executed in one or more actual or electronically reproduced counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

      8.15    In the event one or more of the provisions contained in this Settlement Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect the same shall not affect any other provision of this Settlement Agreement but this Settlement Agreement shall be construed as if such invalid, illegal, or unenforceable provisions had never been contained herein.

      8.16    This Settlement Agreement shall be binding upon the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

      8.17    In the event of conflict between this Settlement Agreement and any other document prepared pursuant to the settlement, the terms of the Settlement Agreement supersede and control. Captions in this Settlement Agreement are for convenience and do not in any way define, limit, extend, or describe the scope of this Agreement or any provision in it.

      8.18    Named Plaintiffs certify that they have signed this Settlement Agreement voluntarily and knowingly in exchange for the consideration described herein, which they acknowledge is adequate and satisfactory. Named Plaintiffs have been advised by Plaintiffs' Counsel and have consulted with Plaintiffs' Counsel before signing this Settlement Agreement; they have been given adequate time to review and consider this Settlement Agreement and to discuss it with Plaintiffs' Counsel; and neither Defendants nor any of the Releasees have made any representations to Named Plaintiffs concerning the terms or effects of this Settlement Agreement other than those contained herein.

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

**PLAINTIFF TONY MANZO:**

DATED: 08 / 25 / 2024                       *Tony Ray Manzo*

**PLAINTIFF SUZANNE ADAMS:**

DATED: 08 / 23 / 2024                                              *[signature]*

**PLAINTIFF BRIAN KIMMERLE:**

DATED: 08 / 30 / 2024                                              *[signature: BK]*

**PLAINTIFF JUDY KINSINGER:**

DATED: 08 / 23 / 2024                                              *Judith E Kinsinger*

**PLAINTIFF MATTHEW LEE:**

DATED: 08 / 26 / 2024                                              *Matt Lee*

**PLAINTIFF SETH ZIMMERMAN:**

DATED: 08 / 26 / 2024                                              *Seth Z*

**PLAINTIFF NICOLE CAVASINI-PLUWOSKI:**

DATED: 08 / 24 / 2024                                              *Nicole Pludowski*

**PLAINTIFF NANCY THIAS:**

DATED: 08 / 29 / 2024                                              *[signature]*

**DEFENDANT ENGRAINED CABINETRY AND COUNTERTOPS, LLC:**

DATED: 08 / 22 / 2024                                    *Thomas Anthony Corkery*

**DEFENDANT INSPIRED CLOSETS OF ARIZONA, LLC:**

DATED: 08 / 22 / 2024                                    *Thomas Anthony Corkery*

**DEFENDANT THOMAS CORKERY:**

DATED: 08 / 22 / 2024                                    *Thomas Anthony Corkery*

**Approved as to form:**

**PLAINTIFFS' COUNSEL:**

DATED: 8/30/24                                           *[signature]*

**DEFENSE COUNSEL:**

DATED: 08 / 22 / 2024                                    *David C. Potts*