Josh Sanford (Ark. Bar No. 2001037)
Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
(501) 221-0088
josh@sanfordlawfirm.com
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| Tony Manzo, Suzanne Adams, Brian Kimmerle, Judy Kinsinger, Matthew Lee, Seth Zimmerman, Nicole Cavasini-Pludowski and Nancy Thias, Each Individually and on Behalf of All Others Similarly Situated <br><br> Plaintiffs, <br><br> v. <br><br> Engrained Cabinetry and Countertops LLC, Inspired Closets of Arizona, LLC and Thomas Corkery, <br> Defendants. | NO. 3:22-cv-8081-PCT-JTT <br><br> **MEMORANDUM IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT** |

Named Plaintiffs Tony Manzo, Suzanne Adams, Brian Kimmerle, Judy Kinsinger, Matthew Lee, Seth Zimmerman, Nicole Cavasini-Pludowski and Nancy Thias, each individually and on behalf of others similarly situated (collectively, "Plaintiffs"), and Defendants Engrained Cabinetry and Countertops LLC, Inspired Closets of Arizona, LLC and Thomas Corkery (collectively, "Defendant" or

"Defendants"), by and through their undersigned counsel, jointly submit the following Memorandum in Support of Joint Motion for Approval of Settlement.

## I.   Factual Background

Plaintiffs filed their First Amended and Substituted Complaint—Collective Action on August 8, 2022, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. *See* ECF No. 30. On an individual and collective basis, Plaintiffs asserted that they and other employees were hired by Defendant to sell and design cabinetry, and were paid on a commission basis. *Id*. Plaintiffs further alleged that Defendant occasionally failed to pay Plaintiffs their commission and completely failed to pay Plaintiffs a proper overtime rate for all hours worked over 40. *Id.* Specifically, Plaintiffs claimed that Defendants regularly reduced or refused to pay commissions and if a design error or expense occurred, Defendants would quantify the error and take that amount out of future commissions. Due to Defendants' failure to properly pay commissions, Plaintiffs claimed their minimum wage and overtime rates fell below the applicable legally required rate of pay for all hours worked over 40, as required by the FLSA. *Id.*

Defendants deny that Plaintiffs and others similarly situated were paid improperly and asserted various affirmative defenses. *See* ECF No. 41. Accordingly, there is a bona fide dispute as to FLSA wages owed to Plaintiffs and others similarly situated.

On November 11, 2022, the Parties stipulated to and the Court conditionally certified a collective of "all employees paid on a commission basis responsible for

1  designing cabinetry as part of their job duties on or after May 5, 2019." ECF No. 43. Six

2  other individuals opted into the lawsuit, for a total of 15 individuals (Named Plaintiffs

3  and these six individuals are hereinafter collectively referred to as "Plaintiffs").

4      Following the Notice period, the Parties exchanged documents pursuant to formal

5  discovery, including time and payroll records, job duty information, and commission

6  reports. Using this information, the Parties were able to accurately gauge Defendants'

7  potential exposure to damages from Plaintiffs' claims. Counsel for the Parties then

8  entered into settlement negotiations at arm's-length, which ultimately resulted in a

9  Settlement Agreement, a copy of which is attached hereto as Exhibit 1 (the

10  "Agreement"). The Parties now seek the Court's approval of their Agreement.

11  **II.    Legal Authorities**

12      Unlike most private settlements negotiated between parties in a civil action for

13  damages, in an FLSA case, the parties must seek the district court's approval of the

14  settlement's terms to ensure that it is enforceable and fair. *Juvera v. Salcido*, 2013 U.S.

15  Dist. LEXIS 176716, *9 (D. Ariz. Dec. 16, 2013).

16      Although the Ninth Circuit has not squarely addressed the standard for approval

17  of FLSA settlements, district courts throughout the Ninth Circuit have followed the

18  standards laid out in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir.

19  1982). *Lockwood v. R&M Towing LLC*, 2020 U.S. Dist. LEXIS 175913, *2 (D. Ariz.

20  Sept. 24, 2020). Specifically, when parties seek judicial approval of an FLSA settlement,

21  approval is warranted if the settlement reflects a "reasonable compromise over issues."

22

1   *Lopez v. Ariz. Pub. Serv. Co.*, 2010 U.S. Dist. LEXIS 34086, *2 (D. Ariz. Jan. 27, 2010)

2   (quoting *Lynn's*, 679 F.2d at 1354).

3       To be approved, an FLSA settlement agreement must constitute a "fair and

4   reasonable resolution of a *bona fide* dispute." *Quintana v. HealthPlanOne LLC*, No. CV-

5   18-02169-PHX-RM, 2019 WL 3342339, at *1–2 (D. Ariz. July 25, 2019); *Quiroz v. City*

6   *of Ceres*, No. 1:17-CV-00444-DAD-BAM, 2019 WL 1005071, at *2 (E.D. Cal. Mar. 1,

7   2019) (citing *Dunn v. Teacher's Ins. & Annuity Ass'n of Am.,* No. 13-CV-05456-HSG,

8   2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016)); *see also Lynn's*, 679 F.2d at 1352–

9   53. To find a bona fide dispute, "[t]here must be 'some doubt . . . that the plaintiffs would

10   succeed on the merits through litigation of their [FLSA] claims.'" *Quintana*, 2019 WL

11   1005071, at *1 (*quoting Selk v. Pioneers Mem. Healthcare Dist.,* 159 F. Supp. 3d 1164,

12   1172 (S.D. Cal. 2016)).

13   **III.    Fair and Reasonable Compromise of Bona Fide Dispute**

14       The Parties have established the existence of a *bona fide* dispute; namely, the

15   Named Plaintiffs alleged that Defendants violated the FLSA because they failed to pay

16   them and others similarly situated properly calculated minimum wage and overtime

17   compensation. Plaintiffs understand that success in litigation is not a certainty and a

18   legitimate dispute existed on whether the compensation Plaintiffs received was a proper

19   amount. Accordingly, there was a *bona fide* dispute between the Parties that is fully

20   resolved by the proposed Agreement. Moreover, approval of the Agreement will

21   promote the policy of encouraging settlement of litigation. *See Selk*, 159 F. Supp. 3d at

22   1175.

Although denying any liability, solely for the purpose of resolving the matter, Defendants have agreed to pay Plaintiffs the amounts set forth in the Agreement. For purposes of claim evaluation and settlement negotiations, Plaintiffs' counsel compiled damages spreadsheets for each Plaintiff. These spreadsheets take into account the hours each Plaintiff worked during the relevant period, the commissions each Plaintiff received, and the difference between Plaintiffs' actual rates of pay and the rates of pay they would have earned if they had received the applicable Arizona minimum wage for all hours worked each week and an overtime rate equal to at least 1.5 times the applicable minimum wage for all hours each Plaintiff worked over 40 each week.

Under the terms of the settlement, each Plaintiff is receiving an amount equal to approximately 70% of their lost wage damages under Plaintiffs' counsel's damages model. This amount is reasonable because Defendants' position was that Plaintiffs were at all relevant times paid a proper rate and that they were not entitled to any additional compensation whatsoever.

## IV.  Attorneys' Fees and Costs

To determine whether the amount of attorney fees is reasonable, courts examine whether "counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Fontes v. Drywood Plus, Inc.*, 2013 U.S. Dist. LEXIS 169720, *18-19 (D. Ariz. Dec. 2, 2013) (quoting *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. Jan. 13, 2009).

To the extent that the Court wishes to determine the reasonableness of the attorney fee component of the Parties' Agreement, Plaintiffs' counsel aver that it is

reasonable. Plaintiffs' counsel is receiving 40% of the total settlement plus their incurred

costs of $789.68. This amount is consistent with the representation agreement between

Named Plaintiffs and Plaintiffs' counsel of 40% as well as incurred costs. Moreover,

Plaintiffs' counsel has billed 258 hours to this matter, resulting in a blended rate of

approximately $305.00 an hour. Therefore, Plaintiffs' request for fees and reimbursement

of litigation expenses and costs is also reasonable under a  Lodestar approach.

WHEREFORE, the parties respectfully request that the Court approve the

Agreement as a reasonable compromise of a bona fide dispute, dismiss this lawsuit with

prejudice, and retain jurisdiction over the matter to enforce the terms of the Agreement.

DATED this 30 day of August, 2024.

SANFORD LAW FIRM, PLLC

By: *s/  Josh Sanford*
Josh Sanford
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
(501) 221-0088

*Attorney for Plaintiffs*

JONES, SKELTON & HOCHULI
P.L.C.

By:  *s/ David C. Potts*
David C. Potts
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
(602) 263-1708

*Attorney for Defendant*

1

## <u>CERTIFICATE OF SERVICE</u>

2      I, Josh Sanford, hereby certify that a true and correct copy of the foregoing was

3   served via CM/ECF on August 30, 2024, to the attorneys of record in this matter.

4

5                                          */s/ Josh Sanford*
                                           **Josh Sanford**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22