IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tony Manzo, *et al.*, <br><br>　　　　Plaintiffs, <br><br>v. <br><br>Engrained Cabinetry and Countertops LLC, *et al.*, <br><br>　　　　Defendants. | No. CV-22-08081-PCT-JJT <br><br>**ORDER** |

At issue is the parties' Joint Motion for Approval of Settlement (Doc. 81), which is supported by the parties' jointly filed Memorandum (Doc. 82, Memorandum). The parties seek approval of their Collective Action Settlement Agreement and Release (Doc. 81-1, Settlement Agreement), which resolves this collective action arising out of the Fair Labor Standards Act. For the reasons set forth below, the Court grants approval of the parties' Settlement Agreement.

**I.   Background**

This lawsuit was brought by eight named plaintiffs who worked for Defendants as cabinetry designers and salespeople. Plaintiffs allege that Defendants violated the FLSA by occasionally failing to pay commissions due and completely failing to pay overtime wages. (Memorandum at 2.) Defendants deny all liability. (Memorandum at 2.) The eight named plaintiffs were eventually joined by six additional plaintiffs, for a total of fourteen

plaintiffs in this collective action.[1] On February 23, 2024, the Court granted partial summary judgment in Plaintiffs' favor on the question of whether the "retail or service establishment" exemption operated to remove Plaintiffs from the ambit of the FLSA's overtime provisions. (Doc. 66.) Shortly thereafter, the parties reached a settlement, for which they now seek the Court's approval.

## II.  Legal Standard

Members of this Court have reached differing conclusions as to whether it is appropriate for courts to review and approve settlement agreements in cases arising out of the FLSA. This dissension within the District somewhat mirrors the fractured positions of the federal Courts of Appeals, among which the Second and Eleventh Circuits require judicial involvement in FLSA settlement agreements. *See Hoffman v. Pride Sec. LLC*, No. CV-23-01247-PHX-DJH, 2024 WL 579072, at *2 (D. Ariz. Feb. 13, 2024). The Fifth Circuit also requires judicial approval, subject to certain exceptions. *Id.* The remainder of the Circuits have either not addressed this issue or have done so only in *dicta*. *Id.* As relevant here, the Ninth Circuit has written in an unpublished decision that "FLSA claims may not be settled without approval of either the Secretary of Labor or a district court." *Seminiano v. Xyris Enter., Inc.*, 602 F. App'x 682, 683 (9th Cir. 2015).

One court within this District, rejecting *Seminiano* as a non-precedential memorandum decision, concluded that judicial approval of FLSA settlements is not only unnecessary but also unauthorized. *Evans v. Centurion Managed Care of Arizona LLC*, 686 F. Supp. 3d 880, 881–82 (D. Ariz. 2023). The court reasoned that judicial involvement in most settlement agreements is a misuse of judicial resources, as parties are more than capable of conducting their affairs themselves. *Id.* Moreover, when parties stipulate to a dismissal or the plaintiff files a notice of voluntary dismissal, courts typically lose jurisdiction of the case and are thus without authority to further supervise the parties' adoption of a settlement agreement. *Id.* The *Evans* court has applied its holding to

---

[1] The joint Memorandum states that there are fifteen total plaintiffs, (Memorandum at 3), but the Settlement Agreement states that there are only fourteen total plaintiffs, (Settlement Agreement at 1). By the Court's own count, there are fourteen total plaintiffs.

collective actions. *Rainford v. Freedom Fin. Network LLC*, No. CV-22-02014-PHX-DWL, 2024 WL 2942715, at *1 (D. Ariz. June 11, 2024).

A different court within this District reached a contrary conclusion and, in doing so, expressly rejected the reasoning in *Evans*. *Hoffman*, 2024 WL 579072, at *2–3. The *Hoffman* court held that "[a]lthough *Seminiano* is an unpublished opinion, it gives a subtle nod to courts, within this Circuit, that judicial approval of FLSA settlement agreements is appropriate." *Id.* at *3. The *Hoffman* court also noted that, although there is a lack of uniformity amongst the Circuits, "[n]o Circuit has decided that district courts are prohibited from reviewing FLSA settlement agreements." *Id.* District courts possess broad inherent power to effectuate settlement agreements, and it logically follows from this broad power that a district court does not act *ultra vires* in approving an FLSA settlement agreement, regardless of whether such approval is required by statute. *See id.*

The undersigned finds both *Evans* and *Hoffman* compelling. However, *Hoffman* is the more persuasive analysis as applied to the specific facts and circumstances of this case. Here, there has been neither a stipulation of dismissal nor a notice of voluntary dismissal. In fact, the reverse is true. The parties have expressly not dismissed this case and have instead requested that the Court dismiss with prejudice, contingent upon the issuance of an order granting final approval of the Settlement Agreement. (Settlement Agreement at 2.) The Settlement Agreement, which is the obvious predicate for any dismissal of this case, by its own terms cannot take effect until the Court enters an order approving it. (Settlement Agreement at 2.) Thus, the Court retains jurisdiction over this case and will continue to do so until either (1) the Court approves the Settlement Agreement and enters an order of dismissal or (2) the parties scrap their extant agreement and draft a new one that is not conditioned upon the Court's approval. Because the Court continues to possess jurisdiction over the parties' dispute, it is at least permissible for the Court to grant the requested approval. It is therefore unnecessary to enter the *Hoffman-Evans* debate concerning whether the FLSA requires judicial approval of settlement agreements and/or whether the

Ninth Circuit's memorandum decision in *Seminiano* carries sufficient persuasiveness to override that determination.

## III.   The Settlement Agreement

In reviewing the propriety of FLSA settlement agreements, courts in this Circuit routinely apply the framework laid out by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). *Hoffman*, 2024 WL 579072, at *2. Under *Lynn's Food Stores*, the touchstone of acceptability is whether a settlement agreement is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." 679 F.2d at 1355.

The Court has reviewed the Settlement Agreement and determines that it constitutes a fair and reasonable resolution of a bona fide FLSA dispute. Under the agreement, Plaintiffs receive 70% of their claimed wages and avoid the risk that Defendants might prevail were litigation to continue.[2] In return, Defendants avoid liability. "The uncertainty associated with further litigation and the void of liability supports the settlement amount." *Hoffman*, 2024 WL 579072, at *3.

The Court also finds the provision for attorney's fees fair and reasonable. The total settlement payment is $195,000, (Settlement Agreement at 3), of which $78,000 will go to Plaintiffs' counsel in the form of attorney's fees, (Memorandum at 6). Plaintiffs' counsel also will receive $789.68 for reimbursement of costs. (Memorandum at 6; Settlement Agreement at 5.) Thus, Plaintiffs' counsel is to receive 40% of the settlement payment. Plaintiffs' counsel avers that this 40% payment is consistent with the attorney-client

---

[2] The joint Memorandum states that Plaintiffs are to receive settlement payments for 70% of their claimed wages as determined by certain damages spreadsheets compiled by Plaintiffs' counsel. (Memorandum at 5.) Similarly, the Settlement Agreement references a schedule of unpaid wages and indicates that it ought to be attached as "Exhibit A," but no such exhibit is attached. (Settlement Agreement at 5.) Nevertheless, the Court is satisfied that the Settlement Agreement is as the parties represent it to be. Plaintiffs' counsel signed the joint Memorandum stating that the settlement payment constitutes 70% of the Plaintiffs' claimed wages, and this statement is within counsel's personal knowledge given that he is the one who conducted the calculation of claimed damages. Therefore, Rule 11 operates to ensure the truth of the averments made in the Memorandum, even in the absence of the schedules and spreadsheets that would permit the Court to independently verify the 70% number.

representation agreement and that it constitutes a reasonable payment of $305 per hour for 258 hours worked.[3] (Memorandum at 6.) The Court is satisfied that the attorney's fees provision of the Settlement Agreement is fair and reasonable.

**IT IS THEREFORE ORDERED** granting the Joint Motion for Approval of Settlement. (Doc. 81.)

**IT IS FURTHER ORDERED** that payments shall be distributed in accordance with the Collective Action Settlement Agreement and Release. (Doc. 81-1.)

**IT IS FURTHER ORDERED** dismissing this case with prejudice.

**IT IS FURTHER ORDERED** directing the Clerk of Court to close this matter.

Dated this 9th day of October, 2024.

Honorable John J. Tuchi
United States District Judge

---

[3] Plaintiffs' counsel has not submitted affidavits or other documentation demonstrating that he was worked 258 hours on this case. Once again, however, Rule 11 operates as a gap-filler. Plaintiffs' counsel's statements regarding his hours worked, made in a legal filing signed by him, are akin to an affidavit. The Court is therefore satisfied with the truth of such statements.